IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TANYA N. SVOBODA, individually and on behalf of all others similarly situated,<br><br>              Plaintiff,<br><br>      v.<br><br>AMAZON.COM, INC., and<br>AMAZON.COM SERVICES, LLC,<br><br>             Defendants. | Case No. 1:21-cv-5336 |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendants Amazon.com, Inc. and Amazon.com Services, LLC (collectively, "Amazon"), through counsel, hereby remove this case from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois. In support of removal, Amazon states as follows:

### JURISDICTION AND VENUE

1.    This Court has original jurisdiction over this civil action under 28 U.S.C. § 1332(d)(2). This action is therefore removable pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453(b). This is a class action in which the size of the proposed class exceeds 100 members; there is diversity of citizenship between at least one member of the putative class of plaintiffs and one defendant; and the amount in controversy exceeds $5 million, exclusive of interest and costs.

2. Removal to this Court is proper because the United States District Court for the Northern District of Illinois embraces the Circuit Court of Cook County, Illinois, where Plaintiff filed this action. *See* 28 U.S.C. §§ 93(a)(1), 1441(a).

## STATE COURT ACTION

3. On September 7, 2021, Plaintiff Tanya N. Svoboda ("Plaintiff") filed a putative Class Action Complaint in the Circuit Court of Cook County, Illinois, County Department, Chancery Division (Case No. 2021CH04516), alleging that Amazon violated Illinois' Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"). *See* **Exhibit A**, Complaint.

4. Plaintiff alleges that Amazon "collected, captured, stored, and used—without first providing notice and the required information, obtaining informed written consent, or creating written publicly-available data retention and destruction guidelines—the facial geometry and associated personal identifying information of thousands if not millions of unwitting Illinois residents who used Amazon's virtual 'Try-On' programs … from computers and other devices in Illinois." Ex. A, Compl. ¶ 4. Plaintiff alleges Amazon violated BIPA by:

> (1) "not maintain[ing] the statutorily-mandated retention schedule and destruction guidelines at the time it collected Plaintiff's and the Class member's biometric identifiers and biometric information" and "did not permanently destroy Plaintiff's and the Class members' biometric identifiers and biometric information as required" by Section 15(a) of the statute (*id.* at ¶¶ 69–70); and
>
> (2) "collecting, capturing, purchasing, receiving through trade, or otherwise obtaining Plaintiff's and the Class members' biometric identifiers and biometric information without first obtaining informed written consent and a signed written release" as required by Section 15(b) of the statute (*id.* at ¶ 79).

2

5. Plaintiff requests, on behalf of herself and the putative class, an order awarding: injunctive relief by requiring Amazon to comply with BIPA; statutory damages for each of Amazon's alleged BIPA violations, pursuant to 740 ILCS 14/20; and reasonable litigation expenses and attorneys' fees. *Id.* at pp. 17–18.

6. On September 9, 2021, Amazon was served with a copy the Complaint. *See* Ex. A.

7. No further proceedings have occurred in the state court action. *See* **Exhibit B**, Cook County Clerk of the Circuit Court, Electronic Docket Search, Court Docket for Case Number 2021CH04516 (Oct. 6, 2021).

**TIMELINESS**

8. Removal is timely because Amazon filed this Notice within thirty days of service of the Complaint, which occurred on September 9, 2021. *See* 28 U.S.C. § 1446(b)(1); Fed. R. Civ. P. 6(a)(1)(C).

**GROUNDS FOR REMOVAL: CLASS ACTION FAIRNESS ACT**

9. This Court has original jurisdiction under CAFA because (a) the putative class includes more than 100 members; (b) there is minimal diversity of citizenship; and (c) the amount in controversy exceeds $5 million. No exception to CAFA jurisdiction applies.

**CLASS SIZE**

10. The class Plaintiff seeks to represent includes more than 100 members. The proposed class includes "[a]ll individuals who, while residing in the State of Illinois, had their biometric identifiers or biometric information collected, captured, received or otherwise obtained by Amazon in connection with the use of any virtual try-on feature on any Amazon website or platform." Ex. A, Compl. ¶ 57.

11. Plaintiff alleges that "thousands if not millions of unwitting Illinois residents who used Amazon's virtual 'Try-On' programs … from computers and other devices in Illinois." *Id.*

3

at ¶ 4. Solely for purposes of removal, and without conceding that Plaintiff or the putative class are entitled to any relief, Amazon may rely upon Plaintiff's allegation that the class includes "thousands if not millions" of individuals. *See Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 581 (7th Cir. 2017) ("[D]efendant may rely on the estimate of the class number set forth in the complaint.").

## MINIMAL DIVERSITY OF CITIZENSHIP

12. There is minimal diversity of citizenship among the parties. Minimal diversity exists when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

13. Plaintiff resides in and is a citizen of Illinois. *See* Ex. A ¶ 6.

14. Amazon.com, Inc. is a Delaware corporation with its principal place of business in Washington. *Id.* ¶ 7. A corporation is "a citizen of every [s]tate … by which it has been incorporated and of the [s]tate … where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Amazon.com, LLC is a Delaware limited liability company with its principal place of business in Washington. *Id.* ¶ 10. Under CAFA, an LLC is "a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). Thus, Amazon is a citizen of Delaware and Washington for diversity purposes.

15. Accordingly, minimal diversity exists under 28 U.S.C. § 1332(d)(2)(A). *See, e.g.*, *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 965–66 (7th Cir. 2016) (minimal diversity under CAFA existed when class representative was Illinois citizen and defendant was Delaware corporation with principal place of business in Arizona).

**AMOUNT IN CONTROVERSY**

16. The amount in controversy under CAFA is satisfied if "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy, "the claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(6).

17. To demonstrate that the amount-in-controversy requirement is met, Amazon need only plead that there is a "reasonable probability that the stakes exceed the minimum." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). Indeed, "[a] good-faith estimate is acceptable if it is plausible and adequately supported by the evidence." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d. 761, 763 (7th Cir. 2011) (citation omitted); *see Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 553 (2014) (defendant's good-faith estimate of amount in controversy is sufficient for removal purposes).

18. Amazon denies the merits of Plaintiff's claims and denies that Plaintiff or the putative class are entitled to any monetary or other relief. Solely for purposes of CAFA jurisdiction, however, the amount in controversy exceeds $5 million.

19. Plaintiff alleges "willful or reckless" violations of BIPA, *see e.g.*, Ex. A, ¶¶ 72, 81, which carry statutory damages of $5,000 "per violation." *See* 740 ILCS 14/20. Plaintiff alleges that Amazon has "collected, captured, stored, and used … the facial geometry and associated personal identifying information of thousands if not millions of unwitting Illinois residents who used Amazon's virtual 'Try-On' programs[.]" *Id.* ¶ 4. Based solely on the Complaint's allegations (which Amazon denies), if each alleged use of the "virtual try-on" feature is considered one "violation" of BIPA, and even if there are only 1,001 members of the class (far less than the allegation of "thousands if not millions" of potential class members)—recovery of greater than $5

5

million is legally possible (*i.e.*, 1,001 class members x $5,000 statutory damages = $5,005,000).[1] *See Spivey v. Vertrue,* 528 F.3d 982, 986 (7th Cir. 2008) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.") (internal citation omitted).

### ARTICLE III STANDING

20. Standing exists under Article III of the United States Constitution for all of Plaintiff's BIPA claims.[2] First, standing exists for Plaintiff's Section 15(a) claim. In *Fox v. Dakkota Integrated Systems, LLC,* the Seventh Circuit held that a plaintiff alleges an injury in fact under Section 15(a) for standing purposes when the plaintiff alleges a defendant "violat[ed] the full range of its section 15(a) duties by failing to develop, publicly disclose, *and comply with* a data-retention schedule and guidelines for the permanent destruction of biometric data when the initial purpose for collection ends." 980 F.3d 1146, 1154 (7th Cir. 2020) (emphasis in original).

21. Here, Plaintiff alleges that Amazon has violated "the full range" of its duties under Section 15(a). *Id.* Plaintiff alleges that "Amazon did not permanently destroy Plaintiff's and the

---

[1] Amazon includes this amount in controversy based solely on the Complaint's allegations and does not concede Plaintiff's allegations are correct. Amazon also does not concede that Plaintiff's putative class is certifiable or that Plaintiff's or the putative class members' use of the "virtual try-on" program constitutes a violation of BIPA. Moreover, in providing this estimate of the size of the putative class, Amazon reserves all rights regarding the statute of limitations applicable to claims under BIPA.

[2] To be clear, Amazon acknowledges *only* that Plaintiff adequately alleges Article III standing for BIPA violations under current law. That Plaintiff's allegations establish Article III standing does not mean that those claims—which Amazon denies—are adequately pled, because standing is an inquiry distinct from the merits. *See Construction Indus. Retirement Fund of Rockford v. Kaspar Trucking, Inc.,* 10 F.3d 465, 467 (7th Cir. 1993) ("[A] litigant doomed to lose does not for that reason lack standing to sue."); *see also Coleman v. United States,* 454 F. Supp.2d 757, 766 n.8 (N.D. Ill. 2006) ("A finding that plaintiff has standing simply means that the plaintiff is entitled to walk through the courthouse door and raise his grievance before a federal court; it is a threshold determination that is conceptually distinct from whether the plaintiff is entitled to prevail on the merits.") (internal quotations omitted) (quoting *Wooden v. Bd. Of Regents of Univ. Sys. of Georgia,* 247 F.3d 1262, 1280 (11th Cir. 2001)). Amazon also reserves its right to raise its defenses, such as ripeness, at the appropriate time.

Class members' biometric identifiers and biometric information as required" by Section 15(a) and that "[b]y failing to destroy Plaintiff's and the Class members' biometric identifiers and biometric information, Amazon unlawfully retained their Biometrics." Ex. A, Compl. ¶¶ 70–71.

22. These allegations describe a concrete and particularized injury for Article III purposes because they reasonably suggest that Amazon failed to develop *and follow* a biometric retention schedule. *See Fox,* 980 F.3d at 1154–55 (explaining that BIPA recognizes a substantive right to privacy in a person's biometric data, and unlawful retention of that data is a concrete and particularized injury).

23. Second, standing exists for Plaintiff's Section 15(b) claim under *Bryant v. Compass Grp. USA, Inc.,* 958 F.3d 617, 626 (7th Cir. 2020), *as amended on denial of reh'g and reh'g en banc* (June 30, 2020) ("Compass's failure to abide by the requirements of section 15(b) before it collected Smart Market users' fingerprints denied Bryant and others like her the opportunity to consider whether the terms of that collection and usage were acceptable given the attendant risks … This deprivation is a concrete injury-in-fact that is particularized to Bryant. She thus meets the requirements for Article III standing on her section 15(b) claim.").

## NOTIFICATIONS

24. Amazon will promptly provide written notice to Plaintiff, through counsel, of the removal, in accordance with 28 U.S.C. § 1446(d).

25. Amazon will file a copy of its Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois, County Department, Chancery Division, in accordance with 28 U.S.C. § 1446(d).

**NON-WAIVER**

26. If this Court determines that the pleadings and other documents to date lack adequate information from which to ascertain the prerequisites to jurisdiction under CAFA, the removal clock will have not begun to run, and Amazon reserves the right to remove this action at the appropriate time. *See Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 821 (7th Cir. 2013).

27. Amazon reserves all defenses and objections it may have to this action, without conceding either the Complaint's allegations or that Plaintiff has pled claims upon which relief may be granted.

**CONCLUSION**

For the foregoing reasons, this action is properly removed to this Court.

Dated: October 7, 2021

**MORGAN, LEWIS & BOCKIUS LLP**

/s/ *Elizabeth B. Herrington*
Elizabeth B. Herrington
Gregory T. Fouts
Alex D. Berger
Alborz Hassani
110 North Wacker Drive, Suite 2800
Chicago, Illinois 60606
T: (312) 324-1445
F: (312) 324-1001
beth.herrington@morganlewis.com
gregory.fouts@morganlewis.com
alex.berger@morganlewis.com
al.hassani@morganlewis.com

*Counsel for Defendants Amazon.com, Inc. and Amazon.com Services, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2021, I caused a true and correct copy of the foregoing **Notice of Removal** to be filed through the Court's CM/ECF System and served the below Counsel of Record via electronic mail:

Keith J. Keogh
Theodore H. Kuyper
KEOGH LAW, LTD.
55 W. Monroe Street, Suite 3390
Chicago, Illinois 60603
keith@keoghlaw.com
tkuvper@keoghlaw.com

*Attorneys for Plaintiff and the Putative Class*

/s/ *Elizabeth B. Herrington*
Elizabeth B. Herrington