# Exhibit A



**null / ALL**
**Transmittal Number: 23748881**
**Date Processed: 09/10/2021**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Ms. Lynn Radliff<br>Amazon.Com, Inc.<br>440 Terry Ave N<br>Seattle, WA 98109-5210 |
| **Electronic copy provided to:** | Michelle King<br>Lynn Foley-Jefferson<br>Maria Catana<br>Joell Parks<br>Theresa Nixon<br>Luana Kooker<br>Rochelle Lewis<br>Stephanie Habben<br>Vivian Ching<br>Jesse Jensen<br>Kimberly Thomas<br>Sara Rawson<br>Arianna Smogard<br>Lizette Fernandez<br>Karen Curtis<br>Gianmarco Vairo |

| | |
|---|---|
| **Entity:** | Amazon.com, Inc.<br>Entity ID Number  1662773 |
| **Entity Served:** | Amazon.com, Inc. |
| **Title of Action:** | Tanya N. Svoboda vs. Amazon.com, Inc. |
| **Matter Name/ID:** | Tanya N. Svoboda vs. Amazon.com, Inc. (11551133) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Cook County Circuit Court, IL |
| **Case/Reference No:** | 2021CH04516 |
| **Jurisdiction Served:** | Washington |
| **Date Served on CSC:** | 09/09/2021 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Keith J. Keogh<br>312-726-1092 |
| **Client Requested Information:** | Amazon Case Type: Class Action |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Hearing Date: 1/5/2022 10:00 AM - 10:00 AM
Courtroom Number: 2410
Location: District 1 Court
Cook County, IL

FILED
9/8/2021 11:11 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH04516

14732570

FILED DATE: 9/8/2021 11:11 AM  2021CH04516

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| Summons - Alias Summons | | (12/01/20) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

Tanya Svoboda

Plaintiff(s)

v.

Case No.    2021CH04516

Amazon.com, Inc. and
Amazon.com Services, LLC

Defendant(s)

Amazon.com, Inc., c/o Corporation Service Co , 300
Deschutes Way SW, Suite 208 MC-CSC1, Tumwater WA

Address of Defendant(s)      98501

Please serve as follows (check one):    ○ Certified Mail    ○ Sheriff Service    ○ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

### THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE.** You will need: a computer with internet access; an email address; a completed Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

**Summons - Alias Summons**            **(12/01/20) CCG 0001 B**

FILED DATE: 9/8/2021 11:11 AM 2021CH04516

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE: Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

 

◉ Atty. No.: 39042                      9/8/2021 11:11 AM IRIS Y. MARTINEZ
○ Pro Se 99500                   Witness date _____

Name: Keith J. Keogh

Atty. for (if applicable):                  IRIS Y. MARTINEZ, Clerk of Court

Carla Williams

                                   ☐ Service by Certified Mail: _____

Address: 55 W. Monroe St, Suite 3390

                                   ☐ Date of Service: _____
City: Chicago                         (To be inserted by officer on copy left with employer or other person)

State: IL    Zip: 60603

Telephone: 312-726-1092

Primary Email: Keith@KeoghLaw.com

 

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

FILED DATE: 9/8/2021 11:11 AM   2021CH04516

# GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

## CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5133

## CIVIL DIVISION
**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5116

## COUNTY DIVISION
**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5710

## DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-6300

## DOMESTIC VIOLENCE
**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:   (312) 325-9500

## LAW DIVISION
**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-5426

## PROBATE DIVISION
**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:   (312) 603-6441

## ALL SUBURBAN CASE TYPES

### DISTRICT 2 - SKOKIE
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:   (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:   (847) 818-3000

### DISTRICT 4 - MAYWOOD
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:   (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:   (708) 974-6500

### DISTRICT 6 - MARKHAM
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:   (708) 232-4551

Hearing Date: 1/5/2022 10:00 AM - 10:00 AM
Courtroom Number: 2410
Location: District 1 Court
Cook County, IL

**12-Person Jury**

Firm No. 39042
FILED
9/7/2021 3:28 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH04516

14722622

FILED DATE: 9/7/2021 3:28 PM    2021CH04516

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| TANYA N. SVOBODA, individually and on behalf of all others similarly situated, )<br><br>Plaintiff, )<br><br>v. )<br><br>AMAZON.COM, INC., and AMAZON.COM SERVICES LLC, )<br><br>Defendants. ) | **CLASS ACTION**<br><br>Case No. 2021CH04516<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff Tanya N. Svoboda ("Plaintiff"), individually and on behalf of all other persons similarly situated, brings this class action lawsuit against Defendants Amazon.com, Inc. and Amazon.com Services LLC (collectively, "Amazon" or "Defendant") for violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.* Plaintiff alleges the following facts based on personal knowledge, investigation by her counsel, and on information and belief where indicated.

## NATURE OF THE ACTION

1.      Plaintiff brings this action for damages and other legal and equitable remedies resulting from the illegal actions of Amazon in collecting, storing, and using a her and other similarly-situated individuals' biometric identifiers[1] and biometric information[2] (collectively, "Biometrics") without first obtaining informed written consent and providing the requisite data retention and destruction policies, in direct violation of BIPA.

---

[1] A "biometric identifier" is any personal feature that is biologically unique to an individual, such as retina scans, fingerprints, and scans of face geometry. 740 ILCS 14/10.

[2] "Biometric information" is any information based on a person's biometric identifier used to identify an individual. 740 ILCS 14/10.

FILED DATE: 9/7/2021 3:28 PM   2021CH04516

2.      The Illinois Legislature has found that "[b]iometrics are unlike other unique identifiers" such as social security numbers, which can be changed if compromised. 740 ILCS 14/5(c). "Biometrics . . . are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." *Id.*

3.      Recognizing the need to protect citizens from these risks, Illinois enacted BIPA, which prohibits private entities like Amazon from collecting, capturing, obtaining and/or possessing an individual's Biometrics unless they first: (1) inform the person in writing that biometric identifiers or information will be collected or stored; (2) provide the person with written notice of the specific purpose and length of term for which such biometric identifiers or information is being collected, stored, and used; (3) receive a written release signed by the person authorizing the collection of his or her biometric identifiers and information; and (4) develop and comply with a publicly-available retention schedule and guidelines for permanently destroying the biometric identifiers and information. *See* 740 ILCS 14/15(a)-(b).

4.      In direct violation of these requirements, Amazon collected, captured, stored, and used—without first providing notice and the required information, obtaining informed written consent, or creating written publicly-available data retention and destruction guidelines—the facial geometry and associated personal identifying information of thousands if not millions of unwitting Illinois residents who used Amazon's virtual "Try-On" programs and applications (the "Virtual Try-On Programs") from computers and other devices in Illinois.

5.      Plaintiff brings this action to prevent Amazon from further violating the privacy rights of Illinois residents, and to recover statutory damages for Amazon's unauthorized collection, storage, and use of those individuals' Biometrics in violation of BIPA.

118462_4

FILED DATE: 9/7/2021 3:28 PM   2021CH04516

## PARTIES

6.      Plaintiff Tanya N. Svoboda is and has been at all times relevant a resident of Chicago in Cook County, Illinois.

7.      Defendant Amazon.com, Inc. is a corporation organized under Delaware law with its headquarters and principle place of business at 410 Terry Avenue North, Seattle, Washington.

8.      Amazon.com, Inc. does business in Illinois and has retail store locations in Illinois.

9.      In the alternative, Amazon.com, Inc. does business in Illinois through its subsidiary-agent, Amazon.com Services LLC.

10.     Defendant Amazon.com Services LLC is a corporation organized under Delaware law with its principle place of business at 410 Terry Avenue North, Seattle, Washington.

11.     Amazon.com Services LLC is authorized to do business in Illinois, has a registered agent in Illinois, and does business in Illinois.

## JURISDICTION AND VENUE

12.     This Court has jurisdiction over Amazon pursuant to 735 ILCS 5/2-209(a)(1), 735 ILCS 5/2-209(a)(2), 735 ILCS 5/2-209(b)(4), and 735 ILCS 5/2-209(c). The alleged tortious acts and conduct that are the subject of this action occurred in Illinois, Amazon transacts business in Illinois, and Amazon deliberately targeted and continues to target business activity in Illinois and purposefully avails itself of the laws, protections, and advantages of doing business in Illinois with Illinois consumers like Plaintiff.

13.     Venue is proper under 735 ILCS 5/2-101(1) and 735 ILCS 5/2-102(a) because Amazon conducts business in this county and is thus a resident of this County, and under 735 ILCS 5/2-101(2) because this is the county in which the transaction, or some part thereof, occurred.

3

118462_4

FILED DATE: 9/7/2021 3:28 PM   2021CH04516

## FACTUAL BACKGROUND

I.      **Illinois's Biometric Information Privacy Act.**

14.     Biometrics are unlike other identifiers because they are a permanent, biologically-unique identifier associated with the individual. Because one cannot simply change her fingerprints or facial geometry, the collection, use, storage, and handling of biometric identifiers and biometric information creates a heightened risk of identity theft. *See* 740 ILCS 14/5(c).

15.     In the 2000's, major national corporations started using Chicago and other locations in Illinois to test new applications of biometric-facilitated transactions. *See* 740 ILCS 14/5(b).

16.     In late 2007, a biometric company called Pay by Touch—which provided major retailers throughout the State of Illinois with biometric scanners to facilitate consumer transactions—filed for bankruptcy. That bankruptcy was alarming to the Illinois legislature because suddenly there was a serious risk that citizens' biometric records—which can be linked to people's sensitive financial and personal data—could now be sold, distributed, or otherwise shared through the bankruptcy proceedings without adequate protections. The bankruptcy also highlighted that many persons who used the biometric scanners were unaware that the scanners were transmitting their data to the now-bankrupt company, and that their biometric identifiers could then be sold and disseminated to unknown third-parties.

17.     In 2008, Illinois enacted BIPA due to the "very serious need [for] protections for the citizens of Illinois when it [comes to their] biometric information." Illinois House Transcript, 2008 Reg. Sess. No. 276.

18.     BIPA makes it unlawful for a company to collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or information unless the company first:

4

118462_4

FILED DATE: 9/7/2021 3:28 PM   2021CH04516

a) informs the subject in writing that a biometric identifier or information is being collected or stored;

b) informs the subject in writing of the specific purpose and length of term for which a biometric identifier or information is being collected, stored, and used; and

c) receives a written release executed by the subject of the biometric identifier or information.

740 ILCS 14/15(b).

19.     BIPA defines a "written release" as "informed written consent." 740 ILCS 14/10.

20.     BIPA also requires companies to develop and comply with a written policy—made available to the public—establishing a retention schedule and guidelines for permanently destroying biometric identifiers and information when the initial purpose for collecting such identifiers or information has been satisfied, or within three years of the individual's last interaction with the company, whichever occurs first. 740 ILCS 14/15(a).

21.     As alleged below, Amazon's practice of collecting, storing and using individuals' biometric identifiers (specifically, their facial geometry) and associated biometric information without informed written consent violated BIPA § 15(b). Amazon's failure to develop a publicly-available written policy regarding its retention schedule and guidelines for the permanent destruction of individuals' biometric identifiers and biometric information violated BIPA § 15(a).

**II.     Amazon Collected and Disclosed Plaintiff's Biometrics.**

22.     Amazon's Virtual Try-On Programs are available via the Amazon.com website and Amazon applications, such as the Amazon Shopping app.

23.     Using augmented reality technology, Amazon's Virtual Try-On Programs allow consumers to virtually try-on makeup and other products to get an impression of how they would look on the consumer's face in-person.

118462_4

FILED DATE: 9/7/2021 3:28 PM    2021CH04516



24.     In order to use the Virtual Try-On Programs, consumers are required to upload a preexisting photograph of their face, or turn on and use a camera to either take a new photo of their face or (for Live Mode) to begin a live video of their face.




6

118462_4

FILED DATE: 9/7/2021 3:28 PM   2021CH04516

25.     Amazon's application then scans the consumer's facial geometry and uses facial geometry or landmarks from the photo or live video to apply or place the virtual product onto the face in the photo or live video.

26.     Amazon's Virtual Try-On Programs use an algorithm that scans the face in each photo and video to detect facial features or landmarks and calculates a unique digital map of the face (*i.e.* a face template) based on geometric attributes such as the distance between various facial features. Accordingly, each face template constitutes a "biometric identifier." *See* 740 ILCS 14/10.

27.     Much like fingerprints, voiceprints, and retinal patterns, each face template is unique to, and can be used to identify, a particular person.

28.     The Virtual Try-On Programs then apply or place the virtual product onto the face in the photo or live video using the scan of the facial geometry or face template.

29.     Amazon stores the face templates extracted from the photographs and videos used in connection with the Virtual Try-On Programs in a database.

30.     This is all an automated process that occurs without the user's involvement or consent whenever a photograph is taken or uploaded or a live video is used in connection with the Virtual Try-On Programs.

31.     Users cannot disable this technology, nor can they prevent Amazon from harvesting the biometric identifiers (*i.e.* scans of face geometry) whenever a photograph or live video is used for the Virtual Try-On Programs.

32.     Because disabling this feature is not an option, use of the Virtual Try-On Programs is *conditioned* on the collection of Biometrics.

118462_4

33.     Amazon indiscriminately collects Biometrics of all users who appear in any photo or live video used in connection with the Virtual Try-On Programs, including minors incapable of providing informed consent.

## III.    Amazon Possesses Plaintiff's Biometrics.

34.     Amazon has complete and exclusive control over the Biometrics collected and stored in connection with the Virtual Try-On Programs. To be clear, Amazon controls:

- Whether biometric identifiers are collected;

- Which biometric identifiers are collected;

- The type of Biometrics that are collected and the format in which they are stored;

- The algorithm that is used to collect Biometrics;

- Which Biometrics are saved;

- Whether information based on biometric identifiers is used to identify users (thus creating biometric information);

- Where Biometrics are stored;

- How long Biometrics are stored; and

- Whether Biometrics are encrypted or otherwise protected.

35.     The user of the Virtual Try-On Programs, in contrast, has no ability to control the Biometrics collected and stored.

36.     Users cannot disable the collection of Biometrics or limit what data is collected.

37.     Thus, Amazon fully controls—and thus, possesses—the Biometrics harvested from photos and videos used in connection with the Virtual Try-On Programs.

FILED DATE: 9/7/2021 3:28 PM   2021CH04516

118462_4

FILED DATE: 9/7/2021 3:28 PM   2021CH04516

**IV.   Plaintiff's Experience with Amazon's Virtual Try-On Programs.**

38.     Plaintiff used Amazon's Virtual Try-On Programs by accessing the Amazon.com website from a mobile device in Illinois on multiple separate occasions to virtually try-on various lipsticks.

39.     In order to use Amazon's augmented reality Virtual Try-On Programs to virtually try-on makeup, Amazon required Plaintiff to upload a preexisting photo of her face, or turn on and use a camera to either take a new photo or begin a live video of her face.

40.     Each time Plaintiff used the Virtual Try-On Programs, she was required to upload a preexisting photo of her face, or turn on and use a camera to take a new photo or to begin a live video of her face.

41.     Each and every time Plaintiff used Amazon's Virtual Try-On Programs, she turned on and used a camera to take a new photo of her face, at which point the Virtual Try-On Programs scanned, collected, and used her biometric identifiers and biometric information (*e.g.* scans of her face geometry, face templates).

42.     On each occasion, the Virtual Try-On Programs simulated what Plaintiff would look like wearing different lipsticks by using her facial geometry and/or landmarks scanned from the photo to locate her lips and virtually apply the lipstick to her lips.

43.     Amazon has not informed Plaintiff that it would collect her Biometrics whenever she used the Virtual Try-On Programs.

44.     Amazon has not informed Plaintiff that the Virtual Try-On Programs will operate to collect and use her Biometrics whenever a photograph is taken or uploaded or a live video is used in connection with the Virtual Try-On Programs.

9

118462_4

FILED DATE: 9/7/2021 3:28 PM   2021CH04516

45.     Amazon never provided Plaintiff with the requisite statutory disclosures nor an opportunity to prohibit or prevent the collection, storage, use, or disclosure of her unique biometric identifiers and biometric information.

46.     Further, Amazon never provided Plaintiff with a retention schedule or guidelines for permanently destroying her biometric identifiers and biometric information.

47.     Amazon did not obtain consent from Plaintiff in any form prior to collecting her biometric identifier and biometric information.

48.     Amazon never provided Plaintiff with, nor did she ever sign, a written release allowing Amazon to collect, store, or use her unique biometric identifiers or biometric information.

49.     By collecting, storing, and using Plaintiff's unique biometric identifiers and biometric information without her prior informed written consent, Amazon invaded Plaintiff's statutorily protected right to privacy in and control over her Biometrics.

50.     Amazon's acts and omissions denied Plaintiff the opportunity to consider whether the terms of Amazon's collection, storage, and use of her biometric identifiers and biometric information were acceptable given the attendant risks, and denied her the ability to use the undisclosed information in the way BIPA envisioned, all of which harmed her concrete interests that the legislature sought to protect by enacting BIPA.

**V.      Amazon's Conduct Violates BIPA.**

51.     In violation of BIPA § 15(a), Amazon does not have a written, publicly-available policy establishing a retention schedule or guidelines for permanently destroying the biometric identifiers and biometric information it collected or otherwise obtained, and Amazon did not permanently destroy those within the statutorily-mandated timeframes.

118462_4

FILED DATE: 9/7/2021 3:28 PM   2021CH04516

52.     In violation of BIPA § 15(b)(1), Amazon collected or otherwise obtained Illinois residents' biometric identifiers and biometric information without first informing them in writing that their biometric identifiers and biometric information were being collected or stored.

53.     Amazon never informed or disclosed to consumers, as part of the process of using the Virtual Try-On Programs or otherwise, that Amazon collects and stores consumers' Biometrics from photos and videos used in connection with the Virtual Try-On Programs.

54.     Amazon never indicates or discloses to the consumers who use its Virtual Try-On Programs that it is collecting and storing their Biometrics.

55.     Amazon, however, does indeed collect, use, and store consumers' Biometrics.

56.     In violation of BIPA §§ 15(b)(2) and 15(b)(3), Amazon collected or otherwise obtained Illinois residents' biometric identifiers and biometric information without first informing them in writing of the specific purpose and length of time for which their biometric identifiers and information would be collected, stored and used, and obtaining their prior informed written consent and written releases executed by each of them.

## CLASS ALLEGATIONS

57.     **Class Definition:** Plaintiff brings this action on behalf of a class of all similarly-situated individuals (the "Class") that is defined, subject to amendment, as follows:

> All individuals who, while residing in the State of Illinois, had their biometric identifiers or biometric information collected, captured, received or otherwise obtained by Amazon in connection with the use of any virtual try-on feature on any Amazon website or platform.

58.     Plaintiff represents and is a member of the Class. Excluded from the Class are Amazon and any entities in which Amazon has a controlling interest, Amazon's employees and

11

118462_4

agents, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

59.     Certification of Plaintiff's claim for classwide treatment is appropriate because Plaintiff can prove the elements of her claims on a classwide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

60.     **Numerosity – 735 ILCS 5/2-801(1).**  The number of persons within the Class is substantial, and is reasonably believed to include thousands of persons.  It is, therefore, impractical to join each member of the Class as a named Plaintiff.  Further, the size and relatively modest value of the claims of the individual members of the Class renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation.  While the exact number of Class member is currently unknown, this information can be ascertained from Amazon's and third-parties' records. Class members can be notified about the pendency of this action through recognized, Court-approved methods of notice dissemination, such as U.S. Mail, electronic mail, internet postings, and/or published notice.

61.     **Commonality and Predominance – 735 ILCS 5/2-801(2).**  This action involves common questions of law and fact, which predominate over any questions affecting Class members, including, without limitation;

> (a) whether Amazon collected or otherwise obtained the Class members' biometric identifiers or biometric information;
>
> (b) whether Amazon possessed the Class members' biometric identifiers or biometric information;
>
> (c) whether Amazon informed the Class members in writing that their biometric identifiers and biometric information are being collected or stored;

12

118462_4

FILED DATE: 9/7/2021 3:28 PM   2021CH04516

FILED DATE: 9/7/2021 3:28 PM 2021CH04516

(d) whether Amazon informed Class members in writing of the specific purposes and length of term for which their biometric identifiers and biometric information are being collected, stored, and used;

(e) whether Amazon received a signed written release (as defined in 740 ILCS 14/10) to collect, use, and store each Class member's biometric identifiers and biometric information;

(f) whether Amazon maintained a publicly-available written policy establishing a retention schedule and guidelines for the destruction of biometric identifiers and information at the time it collected the Class members' biometric identifiers and biometric information;

(g) whether Amazon complied with any such written policy;

(h) whether Amazon permanently destroyed the Class members' biometric identifiers and biometric information;

(i) whether Amazon used the Class members' biometric identifiers or biometric information to identify them;

(j) whether Amazon violated BIPA; and

(k) whether Amazon's violations of BIPA were negligent, reckless, or intentional.

62. **Adequacy of Representation – 735 ILCS 5/2-801(3).** Plaintiff has retained and are represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation. Plaintiff and her counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiff is able to fairly and adequately represent and protect the interests of such a Class. Neither Plaintiff nor her counsel have any interest adverse to, or in conflict with, the interests of the absent members of the Class. Plaintiff has raised viable statutory claims of the type reasonably expected to be raised by members of the Class, and will vigorously pursue those claims. If necessary, Plaintiff may seek leave of this Court to amend this Class Action Complaint to include additional Class representatives to represent the Class, additional claims as may be appropriate, or to amend the Class definition.

118462_4

FILED DATE: 9/7/2021 3:28 PM   2021CH04516

63.     **Superiority– 735 ILCS 5/2-801(4).** A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. Plaintiff anticipates no difficulty in the management of this action as a class action. Class-wide relief is essential to compliance with BIPA.

**COUNT I**
**Violation of 740 ILCS 14/15(a)**
**(On Behalf of Plaintiff and the Class)**

64.     Plaintiff restates and re-alleges all paragraphs of this Complaint as though fully set forth herein.

65.     BIPA requires private entities in possession of Biometrics to establish and maintain a biometric data retention—and, importantly, deletion—policy. Specifically, those entities must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent destruction of biometric data (at most three years after the entity's last interaction with the individual); and (ii) adhere to that retention schedule and actually delete the biometric identifiers and biometric information. *See* 740 ILCS 14/15(a).

66.     Amazon failed to comply with either of these BIPA mandates.

FILED DATE: 9/7/2021 3:28 PM    2021CH04516

67.     Amazon is a corporation, limited liability company and/or other group, and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

68.     Plaintiff and the Class members are individuals whose biometric identifiers and/or biometric information are possessed by Amazon.

69.     In violation of BIPA, Amazon did not maintain the statutorily-mandated retention schedule and destruction guidelines at the time it collected Plaintiff's and the Class member's biometric identifiers and biometric information. *See* 740 ILCS 14/15(a).

70.     In violation of BIPA, Amazon did not permanently destroy Plaintiff's and the Class members' biometric identifiers and biometric information as required. *See* 740 ILCS 14/15(a).

71.     By failing to destroy Plaintiff's and the Class members' biometric identifiers and biometric information, Amazon unlawfully retained their Biometrics.

72.     Amazon's conduct intentionally or recklessly violated BIPA with respect to Plaintiff and the Class members.

73.     In the alternative, Amazon's conduct negligently violated BIPA with respect to Plaintiff and the Class members.

74.     Accordingly, Plaintiff, on behalf of herself and the Class, seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Amazon to immediately and permanently destroy their biometric identifiers and biometric information, and to comply with BIPA's requirements that private entities maintain and comply with publicly-available guidelines for permanently destroying biometric identifiers and biometric information; (3) statutory damages of $5,000 for each intentional or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each

118462_4

negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorney's fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

**COUNT II**
**Violation of 740 ILCS 14/15(b)**
**(On Behalf of Plaintiff and the Class)**

75.     Plaintiff restates and re-alleges all paragraphs of this Complaint as though fully set forth herein.

76.     BIPA requires private entities such as Amazon to obtain informed written consent from individuals before acquiring their Biometrics. Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's . . . biometric identifier or biometric information, unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; **and** (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

77.     Amazon is a corporation, limited liability company and/or other group, and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

78.     Plaintiff and the Class members are individuals whose "biometric identifiers" and "biometric information," as defined by the BIPA—including, without limitation, scans of their facial geometry—were collected or otherwise obtained, stored, and used by Amazon.

79.     Amazon violated BIPA by collecting, capturing, purchasing, receiving through trade, or otherwise obtaining Plaintiff's and the Class members' biometric identifiers and biometric

FILED DATE: 9/7/2021 3:28 PM   2021CH04516

118462_4

FILED DATE: 9/7/2021 3:28 PM    2021CH04516

information without first obtaining informed written consent and a signed written release from each of them. *See* 740 ILCS 14/15(b).

80.     In so doing, Amazon deprived Plaintiff and the Class of their statutory right to maintain the privacy of and control over their biometric identifiers and biometric information.

81.     Amazon's conduct intentionally or recklessly violated BIPA with respect to Plaintiff and the Class members.

82.     In the alternative, Amazon's conduct negligently violated BIPA with respect to Plaintiff and the Class members.

83.     Accordingly, Plaintiff, on behalf of herself and the Class, seeks: (1) declaratory relief; (2) statutory damages of $5,000 for each intentional or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation pursuant to 740 ILCS 14/20(1); (3) injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Amazon to comply with BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information, as described herein; and (4) reasonable attorney's fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Tanya N. Svoboda, on behalf of herself and the proposed Class, respectfully requests that this Court enter an Order:

A.      Certifying this case as a class action on behalf of the Class defined above (or on behalf of any other class the Court deems appropriate);

B.      Appointing Plaintiff as representative of the Class, and her undersigned attorneys as class counsel;

118462_4

FILED DATE: 9/7/2021 3:28 PM   2021CH04516

C.     Declaring that Amazon's acts and omissions, as set out above, violate BIPA, 740 ILCS 14/1, *et seq.*;

D.     Awarding statutory damages of $5,000 for each and every intentional or reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000 for each and every negligent violation pursuant to 740 ILCS 14/20(1) if the Court finds that Amazon's violations were negligent;

E.     Awarding injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Class, including, *inter alia*, requiring Defendant to comply with BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information, and to permanently destroy Plaintiff's and the Class members' biometric identifiers and biometric information;

F.     Awarding Plaintiff and the Class their reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3);

G.     Awarding Plaintiff and the Class members pre- and post-judgment interest, to the extent allowable; and

H.     Awarding such other and further relief as equity and justice may require.

**JURY DEMAND**

Plaintiff, individually and on behalf of all others similarly situated, hereby demands a trial by jury on all issues so triable.

Dated: September 7, 2021

118462_4

FILED DATE: 9/7/2021 3:28 PM   2021CH04516

Respectfully submitted,

TANYA N. SVOBODA, individually and on behalf of all others similarly situated, Plaintiff

By:   /s/ Keith J. Keogh
Keith J. Keogh
Theodore H. Kuyper
KEOGH LAW, LTD.
55 W. Monroe Street, Suite 3390
Chicago, Illinois 60603
(312) 726-1092
Firm No. 39042
keith@keoghlaw.com
tkuyper@keoghlaw.com

*Attorneys for Plaintiff and the Putative Class*

19

118462_4

FILED DATE: 9/7/2021 3:28 PM   2021CH04516

Chancery Division Civil Cover Sheet
General Chancery Section

(12/01/20) CCCH 0623

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

TANYA N. SVOBODA

Plaintiff

v.                                                    Case No: __2021CH04516__

AMAZON.COM, INC and AMAZON.COM SERVICES, LLC

Defendant

## CHANCERY DIVISION CIVIL COVER SHEET
## GENERAL CHANCERY SECTION

A Chancery Division Civil Cover Sheet - General Chancery Section shall be filed with the initial complaint in all actions filed in the General Chancery Section of Chancery Division. The information contained herein is for administrative purposes only. Please check the box in front of the appropriate category which best characterizes your action being filed.

**Only one (1) case type may be checked with this cover sheet.**

| | | |
|---|---|---|
| 0005 | ☐ Administrative Review | |
| 0001 | ☑ Class Action | |
| 0002 | ☐ Declaratory Judgment | |
| 0004 | ☐ Injunction | |
| | | |
| 0007 | ☐ General Chancery | |
| 0010 | ☐ Accounting | |
| 0011 | ☐ Arbitration | |
| 0012 | ☐ Certiorari | |
| 0013 | ☐ Dissolution of Corporation | |
| 0014 | ☐ Dissolution of Partnership | |
| 0015 | ☐ Equitable Lien | |
| 0016 | ☐ Interpleader | |

| | | |
|---|---|---|
| 0017 | ☐ Mandamus |
| 0018 | ☐ Ne Exeat |
| 0019 | ☐ Partition |
| 0020 | ☐ Quiet Title |
| 0021 | ☐ Quo Warranto |
| 0022 | ☐ Redemption Rights |
| 0023 | ☐ Reformation of a Contract |
| 0024 | ☐ Rescission of a Contract |
| 0025 | ☐ Specific Performance |
| 0026 | ☐ Trust Construction |
| 0050 | ☐ Internet Take Down Action (Compromising Images) |
| | ☐ Other (specify) _____ |

◉ Atty. No.: __39042__          ○ Pro Se 99500

Atty Name: __Keith Keogh__

Atty. for: __Juliana Barrientos__

Address: __55 W. Monroe St, Suite 3390__

City: __Chicago__          State: __IL__

Zip: __60603__

Telephone: __312-726-1092__

Primary Email: __Keith@KeoghLaw.com__

Pro Se Only:   ☐ I have read and agree to the terms of the Clerk's
Clerk's Office Electronic Notice Policy and
choose to opt in to electronic notice from the
Clerk's office for this case at this email address:

Email: _____

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 1 of 1