**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TANYA N. SVOBODA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC., and AMAZON.COM SERVICES LLC,<br><br>Defendants. | Case No. 1:21-cv-5336<br>Hon. John Z. Lee<br>Mag. Jeffrey Cole |

**DEFENDANTS AMAZON.COM, INC. AND AMAZON.COM SERVICES, LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

Defendants Amazon.com, Inc. and Amazon.com Services, LLC ("Amazon") respectfully submit this response to Plaintiff's Motion to Compel Defendants to Identify Persons With Knowledge About Virtual Try On Products at Issue ("Motion"). For the reasons that follow, the Motion should be denied.

## Introduction

This case involves virtual try-on ("VTO") technology developed by Toronto-based ModiFace, Inc. and licensed to Amazon. ModiFace's VTO technology uses augmented reality to allow online shoppers to try on a product without visiting a physical store. In essence, the technology superimposes the product over an image or video of the shopper so that the shopper can see what he or she would like while wearing it. The products at issue in this case are cosmetics like lipstick, lip liner, eye shadow, eye liner, and hair color.

Plaintiff filed this lawsuit after allegedly using ModiFace's VTO technology to try on lipstick on Amazon's website. She contends that Amazon violated the Illinois Biometric Information Privacy Act ("BIPA") by using the ModiFace VTO feature to collect and possess

her biometric identifier—i.e., a scan of her face geometry—without her consent. But as Amazon has demonstrated to Plaintiff during discovery, including through sworn interrogatory responses, Amazon does not collect, store, or receive ***any*** biometric identifiers or information from shoppers using the ModiFace VTO feature. Ex. 1, Amazon Resp. at 7. In fact, Amazon does not even track which shoppers use the ModiFace VTO feature, let alone maintain a database of their personal biometric identifiers, as Plaintiff falsely alleged in the complaint. *Id.* at 9

In light of these facts, Amazon has asked Plaintiff to voluntarily dismiss her complaint, which Amazon believes to have been filed without a good faith basis and in violation of Federal Rule of Civil Procedure 11.[1] Plaintiff has refused, however, and now moves to compel Amazon to (1) identify each individual at ModiFace with knowledge of any facts or events alleged in the complaint and "describe in detail" the knowledge each person possesses; Mot. Ex. 1 at Rog. 11, and (2) identify "each ModiFace employee involved in developing, creating, designing, writing, licensing, purchasing, leasing, setting up, calibrating, programming, testing, servicing, or trouble-shooting" the ModiFace VTO technology, *id*. at Rog. 8, and (3) supplement its initial disclosures to name specific ModiFace employees. Mot at 3. Plaintiff indicates that she intends to use this information to prepare and serve letters rogatory and evidence preservation notices on those employees in Canada. Mot. at 3, 8.

Plaintiff's motion should be denied for multiple reasons. First, no one at ModiFace could have any knowledge of the "facts" alleged in the complaint because, as Amazon's interrogatory responses demonstrate, ***those events never happened***. Amazon never used the ModiFace VTO technology to collect or possess Plaintiff's or any other shopper's biometric identifiers or information. Ex. 1, Amazon Resp. at 7. Second, Amazon does not know which ModiFace

---

[1] Amazon reserves the right to seek sanctions under Rule 11 in the event it is forced to continue litigating this meritless case through summary judgement.

employees were involved in developing or creating its VTO product or the numerous other internal ModiFace processes that Plaintiff has inquired about. Amazon also does not own or control ModiFace and has no right or obligation to obtain this information for Plaintiff. Third, while Amazon has interacted with some ModiFace employees on licensing or other issues, Amazon has no basis to say which of those employees, if any, possesses information relevant to Plaintiff's claims, which bear no connection to Amazon and ModiFace's licensing negotiations. Finally, Plaintiff's stated goal of obtaining relevant information from ModiFace—to the extent ModiFace has any—can be achieved through far more effective means. In particular, Plaintiff can obtain discovery directly from ModiFace and request documents and testimony on the topics of Plaintiff's choosing. Indeed, Plaintiff indicates in the Motion that she plans to do so. Mot. at 3. That approach makes far more sense than ordering Amazon to guess which ModiFace employees may possess relevant knowledge, and it would avoid a scenario in which Plaintiff targets the wrong ModiFace employees with unnecessary and harassing discovery requests. Plaintiffs' motion to compel should therefore be denied.

## **Background**

On September 7, 2021, Plaintiff filed this lawsuit in the Circuit Court of Cook County. Amazon removed the case to this Court on October 7, 2021. Doc. 1. On November 4, 2021, Amazon filed a motion to dismiss under Rule 12(b)(6). Doc. 15. That motion is pending before Judge Feinerman. In its motion to dismiss, Amazon argues that the complaint should be dismissed because Plaintiff's claims are based on nothing more than her speculation that VTO technology must violate BIPA because it involves detecting the location of certain facial features, such as lips or eyes. *Id.* at 4-5. Plaintiff's conclusory allegation that Amazon collected or possessed her biometric identifier—unsupported by any actual facts—is insufficient to support a plausible

inference that Amazon violated BIPA. *Id.* In fact, as Amazon explained, the VTO technology at issue does not implicate BIPA at all. Amazon does not collect or possess any information about the face of a customer using VTO technology. Any information generated during the VTO process remains on the user's mobile device or computer, and it is never transmitted to or accessed by Amazon. *Id.* at 5.

Given the fundamental deficiencies in Plaintiff's complaint, Amazon anticipates that the district judge will grant its motion to dismiss. If the motion is denied, however, Amazon intends to promptly move for summary judgment on Plaintiff's BIPA claims.

Plaintiff served broad discovery requests on Amazon on December 23, 2021. Amazon served responses on February 4, 2022.[2] As Amazon explained in its responses, and during the parties' two-hour meet and confer conference on March 11, 2022, Amazon provides customers with access to two different VTO technologies. The first is a VTO technology developed internally by Amazon ("Amazon VTO technology"). It has been deployed since May 2021 for certain eyewear products, and since September 2021 for certain lip color products. Ex. 1, Amazon Resp. at 8. The Amazon VTO technology is currently available only on Amazon's smartphone app (i.e., it cannot be used on Amazon's website Amazon.com). *Id.* Amazon maintains records of who uses the Amazon VTO technology, and Amazon's records show that Plaintiff has never used it. *Id.* at 7, 10. Plaintiff has never disputed this fact or claimed to have accessed Amazon's VTO technology through the Amazon smartphone app.

Amazon also licenses a different VTO technology from ModiFace ("ModiFace VTO technology"). Amazon licenses the ModiFace VTO technology pursuant to an API Agreement with ModiFace. The ModiFace VTO technology offers similar functionality as Amazon VTO

---

[2] Amazon served supplemental responses on April 8, 2022. The supplemental responses do not relate to the issues in this Motion.

technology, but it is a different product, with different source code, developed and owned by a different company. ModiFace's VTO technology is currently available for certain cosmetic products on Amazon's smartphone app and also on its website Amazon.com. *Id.* at 8. Plaintiff alleges that she used VTO technology "by accessing the Amazon.com website," which means she necessarily used the ModiFace VTO product (which is consistent with Amazon's records showing that she never accessed the Amazon VTO product). Compl. ¶ 38. Amazon, however, does not maintain records of which Amazon customers used the ModiFace VTO feature, nor does Amazon collect or possess any biometric information from those customers. Ex. 1, Amazon Resp. at 7, 10. Plaintiff's BIPA claims are therefore meritless and will ultimately be dismissed, whether on Amazon's pending motion to dismiss or on summary judgment.

## Argument

This Court has broad discretion to manage discovery. *Sattar v. Motorola*, *Inc.*, 138 F.3d 1164, 1171 (7th Cir. 1998). This includes the discretion to "tailor discovery narrowly and dictate its sequence." *Awalt v. Marketti*, 2012 WL 6568242, at *3 (N.D. Ill. Dec. 17, 2012). Therefore, in ruling on a motion to compel, "a district court should independently determine the proper course of discovery based upon the arguments of the parties." *Gile v. United Airlines, Inc.*, 95 F.3d 492, 496 (7th Cir. 1996).

### I. The Court Should Deny Plaintiff's Request For Information That Should Be Obtained From ModiFace.

#### A. Amazon Cannot Identify ModiFace Employees With Knowledge of the Facts or Events Alleged in the Complaint.

Plaintiff requests that the Court order Amazon to identify the names of ModiFace employees "with knowledge of any facts or events alleged in the complaint," and to describe the information each employee possesses "in detail." Mot. Ex. 1, at Rog. 11. As a threshold matter,

because Amazon never used the ModiFace VTO feature to collect Plaintiff's or anyone else's biometric data, ***no one at ModiFace*** would have knowledge of the purported "facts" alleged in the complaint. *See* Ex. 1, at 10.

Putting aside the request's futility, Plaintiff seeks information that Amazon simply does not have within its possession, custody, or control. While Amazon has interacted with some ModiFace employees on licensing or other issues, Amazon has no basis to say which of those employees, if any, possesses information relevant to Plaintiff's claims. Indeed, the mere fact that they are ModiFace employees does not mean they possess knowledge regarding ***Amazon's*** alleged collection and possession of Plaintiff's biometric information. And in any event, Amazon does not even know whether each of the ModiFace employees with whom it has interacted in past years remain employed by that company.

To make matters worse, Plaintiff's request goes beyond names. She would have the Court order Amazon to provide "detailed information" about the knowledge of these individuals, ***none of whom are Amazon employees***. But, again, Amazon does not possess this information, and Amazon is not charged with obtaining it from ModiFace—a third party with whom Amazon has an arms-length contractual relationship. *See Tech. Concepts, L.P. v. Cont'l Mfg. Co*., No. 92 C 7476, 1994 WL 262119, at *1 (N.D. Ill. June 10, 1994) (denying motion to compel defendant to obtain documents from non-party with which it had a "business relationship," but was "not related or affiliated in any way").

None of the cases cited by Plaintiff supports the proposition that a party must essentially act as a mind reader and identify what knowledge a non-party that is not within the party's control may possess. At most, those cases suggest that Amazon could be ordered to disclose the names of those ModiFace employees with whom it has interacted in connection with the

ModiFace VTO technology. *See Rodriguez v. Niagara Cleaning Servs*., 2010 U.S. Dist. LEXIS 106516, at *11 (S.D. Fla. Sep. 23, 2010) (ordering defendant to identify employees of non-party who "contacted or communicated with" defendant). But as described above, the mere fact that Amazon interacted with a ModiFace employee at some point in time does not mean that that employee has knowledge of the facts and events alleged in the complaint. In short, Amazon does not know what ModiFace knows, and Plaintiff's request that Amazon identify ModiFace employees with relevant knowledge and describe that knowledge "in detail" should be denied.[3]

### B. Amazon Cannot Identify the ModiFace Employees Involved In ModiFace's Internal Processes.

Plaintiff's demand that Amazon identify "each person" at ModiFace who was "involved in developing, creating, designing, writing, licensing, purchasing, leasing, setting up, calibrating, programming, testing, servicing, or trouble-shooting" the ModiFace VTO technology is equally improper. Mot. Ex. 1 at Rog. 8. The software-development activities identified by Plaintiff are ***internal to ModiFace*** and would have been performed by ModiFace employees. Amazon does not, and cannot reasonably be expected to, know which employees at ModiFace were "involved in" each of these 13 specific activities.

While Amazon has interacted with some ModiFace employees on licensing and other issues, Amazon has no basis to say which of those employees, if any, possesses information relevant to Plaintiff's claims. For example, the fact that a ModiFace attorney was involved in drafting a license agreement with Amazon does not mean that he has relevant knowledge of the facts alleged in the complaint, i.e., Amazon's alleged collection of Plaintiff's biometric identifiers,

[3] Plaintiff's request that the Court order Amazon to supplement its initial disclosures should be denied for the same reasons. In its initial disclosures, Amazon identified "ModiFace corporate representative(s)" as persons who may have discoverable information Amazon may use to support its defenses. Mot. Ex. 2. As explained, Amazon does not at this point know the names of individual ModiFace employees who may have relevant information, so Amazon should not be required to identify any individual employees.

or should be subjected to burdensome discovery from Plaintiff. The more effective approach is for Plaintiff to obtain the information she seeks directly from ModiFace so that she can target any additional discovery at the appropriate individuals. While Plaintiff suggests that Amazon is obligated to obtain relevant information from ModiFace, she is wrong. Mot. at 3-4. Amazon has no legal right or obligation to obtain evidence from its independent contractor ModiFace because Amazon does not own or control ModiFace. *See Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.*, 755 F.3d 832, 839 (7th Cir. 2014) (finding that documents requested from non-employees were not within defendant's control, and explaining that "the test is whether the party has a legal right to obtain the evidence"); *Sparks Tune-Up Centers, Inc. v. Panchevre*, 1991 WL 101667 (N.D. Ill. June 4, 1991) (finding that documents held by defendant's former business associates were not with the defendant's control) *Chaveriet v. Williams Pipe Line Co.*, 11 F.3d 1420, 1423, 1426 (7th Cir. 1993) (finding that documents held by a non-party laboratory were not within the defendant's control).

It is not Amazon's responsibility to assist Plaintiff in obtaining discovery from non-parties. Plaintiff should focus on obtaining any necessary information from ModiFace rather than attempting to use Amazon to shortcut the third-party discovery process.

### C. ModiFace Employee Names Are Not Necessary to Obtain Discovery or to Preserve Documents.

Plaintiff argues that Amazon should identify ModiFace employees because she intends to issue a letter rogatory to obtain discovery from ModiFace, and "[a]n obvious prerequisite to having a court issue letters rogatory is knowing the identity of the persons who possess relevant documents and information." Mot. at 3. But Plaintiff does not need to request documents and information from individuals; she can use the letter rogatory process to serve a subpoena on the company. *See* 22 C.F.R. § 92.54 (listing "the serving of . . . a subpoena" as an example of a

request that can be made by letter rogatory); *Advanced Magnesium Alloys Corp. v. Dery*, 2021 WL 4847077, at *2 (S.D. Ind. Apr. 6, 2021) (granting motion for letters rogatory to serve discovery requests on Canadian corporations). Plaintiff has known that ModiFace has information relevant to this case since at least February 4, when Amazon served its discovery responses, yet she has taken no steps to initiate the often-protracted international discovery process. She should do so without further delay.

Plaintiff also says that "as a practical matter," she needs the names of ModiFace employees so she can "promptly issue preservation notices to those people who possess relevant documents and information." Mot. at 7. But Plaintiff fails to mention that she has *already* served a comprehensive preservation request on ModiFace, demanding that ModiFace preserve "all potentially relevant information," including without limitation 21 separate broad categories of documents and information. Ex. 2. Plaintiff does not explain why this broad notice is not sufficient, or why Amazon—as opposed to ModiFace—is in a position to identify persons at ModiFace with who may have relevant documents or information. Plaintiff does not need the names of ModiFace employees for preservation purposes.

## **Conclusion**

Plaintiff has embarked on expansive and time-consuming discovery concerning VTO technology that does not implicate BIPA in a futile attempt to support claims that have no factual merit. She has done so while Amazon's motion to dismiss is pending. And she now seeks to use Amazon to get information that only ModiFace knows. This is not a proper use of the discovery process, and Plaintiff's Motion to Compel should be denied.

DATE: April 12, 2022

Morgan, Lewis & Bockius LLP

/s/ Elizabeth B. Herrington

Elizabeth B. Herrington
Gregory T. Fouts
Alex D. Berger
Alborz Hassani
110 North Wacker Drive, Suite 2800
Chicago, Illinois 60606
T: (312) 324-1445
F: (312) 324-1001
beth.herrington@morganlewis.com
gregory.fouts@morganlewis.com
alex.berger@morganlewis.com
al.hassani@morganlewis.com

*Counsel for Defendants Amazon.com, Inc. and Amazon.com Services LLC*

**CERTIFICATE OF SERVICE**

I, Elizabeth Herrington, an attorney certify that on April 12, 2022, I caused the foregoing document to be filed and served on all counsel of record via the CM/ECF system

*Elizabeth B. Herrington*
Elizabeth B. Herrington