UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TANYA N. SVOBODA and ANTONELLA M. ORTIZ COLOSI, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC., *et al.*, <br><br> Defendants. | Case No. 1:21-cv-05336 <br><br> Hon. Jorge L. Alonso <br><br> Mag. Sheila M. Finnegan |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF**
**MOTION TO STAY CLASS CERTIFICATION PROCEEDINGS**

Defendants Amazon.com, Inc. and Amazon.com Services LLC's (collectively, "Amazon") respectfully move to stay class certification briefing until after this Court decides Amazon's pending Motion for Summary Judgment. ECF No. 180. Amazon's Motion raises a threshold legal issue squarely in line with a recent Illinois Appellate Court ruling that should be dispositive of this action. The discovery needed to decide that issue is complete. Seventh Circuit precedent encourages resolving dispositive merits issues, such as the issues raised in Amazon's Motion, prior to class certification. *See Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1057-58 n.3 (7th Cir. 2016). A stay would also be appropriate within the well-established authority of federal courts to control the disposition of the cases on their docket to promote economy of time and effort. *See Consumer Fin. Prot. Bureau v. TransUnion*, 2023 WL 3605995, at *1 (N.D. Ill. Apr. 13, 2023).

**I.  RELEVANT BACKGROUND**

Plaintiffs allege that Amazon violated sections 15(a) and (b) of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.* through the deployment of virtual try-

on ("VTO") technology on Amazon's mobile shopping application and mobile website. VTO technology uses augmented reality to overlay certain makeup and eyewear products on an image or video of a shopper's face, allowing the shopper to see what the product might look like before deciding to purchase it.

Plaintiffs moved for class certification on August 3, 2023, one day after requesting that Magistrate Judge Finnegan again extend fact discovery and two weeks prior to the current August 17, 2023 deadline to complete fact discovery. (Doc. No. 169; Doc. No. 170; Doc No. 160.) Plaintiffs seek to certify a class of "[a]ll individuals who used a virtual try-on feature on Amazon's mobile website or app while in Illinois on or after September 7, 2016." ECF No. 169, at 6. Plaintiffs state that the class comprises "at least 163,738 persons." *Id.* at 5.

On August 10, 2023, Amazon filed a motion for summary judgment. Amazon's Motion raises a threshold legal issue: whether Plaintiffs can maintain claims under Sections 15(a) and 15(b) of BIPA when any alleged biometric data associated with their use of VTO technology remains on the user's personal device (e.g., their phone) and is never collected or possessed by Amazon. Amazon's motion relies on *Barnett v. Apple Inc.,* 2022 IL App (1st) 220187, in which the Illinois Appellate Court held as a matter of law that BIPA claims under sections 15(a) and (b) fail if the alleged biometric data remains on the claimants' personal device and is not transmitted, collected, obtained, or possessed by the defendant. *Id*. at ¶¶57-58.

All discovery necessary to decide this threshold legal question is complete. Plaintiffs have deposed two of the Amazon employees with the most knowledge of the VTO technology. Amazon has produced more than 140,000 pages of documents and its production is substantially complete. Plaintiffs' expert reviewed the VTO source code at Amazon's counsel's office from July 11-13, 2023.

2

Amazon's Motion also seeks dismissal of Plaintiffs' claims as applied to VTO applications for eyewear for the simple reasons that (1) neither Plaintiff alleges having used this feature, even though Plaintiffs seek to include users within the class definition, and (2) courts within this district have repeatedly held that VTO technology as applied to eyewear falls within BIPA's statutory health-care exception. *See, e.g., Warmack-Stillwell v. Christian Dior, Inc.*, No. 22-4633, 2023 WL 1928109, at *3-4 (N.D. Ill. Feb. 10, 2023); *Svoboda v. Frames for Am., Inc.*, No. 21-5509, 2022 WL 4109719, at *2 (N.D. Ill. Sept. 8, 2022) (holding that virtual "fitting and evaluation services" count as "health care service[s]" and implicate BIPA's exemption because "prescription lenses, non-prescription sunglasses, and frames meant to hold prescription lenses are all Class 1 medical devices" that "maintain or restore physical … well-being"). No additional discovery is needed to decide this issue.

All discovery necessary to resolve Amazon's Motion is complete. There is no outstanding discovery that could rebut the core, uncontested fact that the face-related information does not leave Plaintiffs' devices. This finding is supported by evidence including depositions of Amazon employees who work with the technology, depositions of the named Plaintiffs, and expert testimony.

## II. THE COURT SHOULD GRANT AMAZON'S MOTION TO STAY

"District courts have a well-established authority to stay proceedings 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Consumer Fin. Prot. Bureau*, 2023 WL 3605995, at *1 (*quoting Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The relevant factors for deciding whether a stay is warranted are: "(1) whether a stay will simplify the issues in question and streamline the trial; (2) whether a stay will reduce the burden of litigation on the parties and

on the court; and (3) whether a stay will unduly prejudice or tactically disadvantage the non-moving party." *Berkeley\*IEOR v. Teradata Operations, Inc.*, 2019 WL 1077124, at \*5 (N.D. Ill. Mar. 7, 2019) (*citing In re Groupon Derivative Litig.*, 882 F. Supp. 2d 1043, 1045 (N.D. Ill. 2012)). Here, resolving Amazon's Motion prior to class certification proceedings would streamline the proceedings, reduce the burden on the parties and on the court, and would not prejudice Plaintiffs. Thus, a stay is a warranted.

  A. **A Stay Will Streamline the Case and Promote Efficiency.**

The Seventh Circuit has recognized that the resolution of threshold merits issues prior to class certification may be warranted in the interest of efficiency, and "ha[s] looked upon such a procedure favorably." *Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1057-58 n.3 (7th Cir. 2016). Indeed, the Seventh Circuit has "repeatedly affirmed" that a district court may dismiss a case on the merits before ruling on class certification. *Collins*, 875 F.3d at 839.

Courts in the Seventh Circuit routinely grant stays of briefing on class certification pending the resolution of potentially dispositive motions. *See, e.g.*, *Reid v. Unilever U.S., Inc.*, 964 F. Supp. 2d 893, 901 (N.D. Ill. 2013); *Winn v. Symons Int'l Grp., Inc.*, No. IP 00-0310-C-B/S, 2001 WL 278113, at \*2 (S.D. Ind. Mar. 21, 2001); *In re Knox*, 237 B.R. 687, 691 (Bankr. N.D. Ill. 1999); *see also Ptasinska v. U.S. Dep't of State*, No. 07 C 3795, 2007 WL 3241560, at \*3 (N.D. Ill. Nov. 1, 2007) ("district courts may consider a motion to dismiss prior to a Plaintiff's motion for class certification"). And for good reason given the inefficiency, waste and prejudice that may otherwise be the result.

Here, deciding Amazon's Motion first, and staying class certification proceedings in the meantime, is the best way to promote judicial and party efficiency and avoid waste of the Court's and the parties' time and resources. If the Court grants Amazon's Motion, the Court will not need to consider—and the parties will not need to litigate—the motion for class certification.

As the Court knows, certification is a critical inflection point in a class action; in a large and complex class action like this one, it will involve significant evidence, complicated issues, and great expense. *See, e.g.*, *Leung v. XPO Logistics, Inc.*, 326 F.R.D. 185, 197 (N.D. Ill. 2018) (class certification proceedings are complex, involve "substantial motion practice," and "could be very expensive"); *Santiago v. City of Chicago*, 19 F.4th 1010, 1016 (7th Cir. 2021) (court must conduct "rigorous analysis" of the evidence before certifying a class). In short, briefing Plaintiffs' motion for class certification will require substantially more time, effort, and expense for both parties. *See Davis v. Ret. Plan of Phibro Animal Health Corp. & Subsidiaries & Affiliates*, No. 08-CV-779, 2011 WL 3793638, at *1 (S.D. Ill. Aug. 24, 2011) ("There are many legitimate reasons to justify deferring a certification decision;" for example, "[t]he party opposing the class may prefer to win dismissal" because "[c]lass actions are expensive to defend." (citing *Cowen v. Bank United of Tex., FSB*, 70 F.3d 937, 941 (7th Cir. 1995)). The parties should incur this substantial burden only if it is necessary.

In sum, the Court's resolution of Amazon's Motion may moot the need for class certification proceeding entirely; but the Court's resolution of class certification will not moot Amazon's Motion. To promote judicial efficiency, this Court should therefore stay class certification proceedings pending its ruling on Amazon's Motion.

**B.     A Stay Would Not Prejudice Plaintiffs.**

For the same reasons, Plaintiffs will not be harmed by a stay of class certification briefing. If Plaintiffs do prevail on both Amazon's Motion and class certification, it will make no difference to the outcome of this proceeding in which order those events occurred. Moreover, the issues raised by Amazon's Motion are fully ripe, with all necessary discovery available.

5

Plaintiffs may contend that they are prejudiced because their motion was first-filed. Not so. Even if a class certification motion is filed first, litigation "is not a race or triathalon [sic] where winners and losers are judged against a stop watch." *See Blake v. Fin. Mgmt. Sys., Inc.*, No. 11 C 612, 2011 WL 4361560, at *3 (N.D. Ill. Sept. 19, 2011) (staying class discovery while defendants' summary judgment motion was pending).

Nor can Plaintiffs contend that they are somehow entitled to earlier resolution of their class-certification motion. "Since [the 2003] amendment [to Federal Rule 23(c)(1)(A)], the Court of Appeals for the Seventh Circuit has recognized that a district court has discretion to determine when to address class certification in relation to dispositive motions." *Foreman v. Green Tree Servicing, L.L.C.*, No. 1:13-CV-920-RLY-DKL, 2015 WL 12551990, at *1 (S.D. Ind. July 17, 2015) (citing *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 n.4 (7th Cir. 2012); *Wiesmueller v. Kosobucki*, 513 F.3d 784, 787 (7th Cir. 2008)). Courts within this Circuit therefore routinely elect to resolve dispositive legal issues prior to considering class certification. *See, e.g., Collins v. Vill. of Palatine, Illinois*, 875 F.3d 839, 846 (7th Cir. 2017) (affirming order granting motion to dismiss and summarily denying motion for class certification where "the dismissal of [plaintiff's] claim made the class-certification question irrelevant").

### III.    CONCLUSION

Practicality and orderly and efficient administration of justice weigh in favor of a stay to resolve Amazon's motion for summary judgment before costly class certification briefing, and no prejudice would result from this logical ordering of events. The Court should stay class certification briefing pending resolution of Amazon's Motion.

Dated: August 14, 2023          Respectfully submitted,

                                              **AMAZON.COM, INC. AND AMAZON.COM SERVICES LLC**

                                              By: */s/ Elizabeth B. Herrington*
                                                      Elizabeth B. Herrington
                                                      Gregory T. Fouts
                                                      Alborz Hassani
                                                      Morgan, Lewis & Bockius LLP
                                                      110 North Wacker Dr., Suite 2800
                                                      Chicago, IL 60606-1511
                                                      Tel. 312.324.1000
                                                      Fax 312.324.1001
                                                      beth.herrington@morganlewis.com
                                                      gregory.fouts@morganlewis.com
                                                      al.hassani@morganlewis.com

Case: 1:21-cv-05336 Document #: 187 Filed: 08/14/23 Page 7 of 8 PageID #:4319

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 14, 2023, I caused a copy of the foregoing ***Defendants' Memorandum in Support of Motion to Stay Class Certification Proceedings*** to be served upon all counsel of record via electronic filing using the CM/ECF system.

                                                     /s/ Elizabeth B. Herrington
                                                     *Attorney for Defendants*