IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TANYA N. SVOBODA, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>AMAZON.COM, INC., and AMAZON.COM SERVICES LLC,<br><br>        Defendants. | Case No. 1:21-cv-5336<br><br>Hon. Jorge L. Alonso<br><br>Mag. Sheila M. Finnegan |

**DEFENDANTS' MOTION FOR DISCOVERY STATUS CONFERENCE
BEFORE THE MAGISTRATE JUDGE**

  Defendants Amazon.com, Inc. and Amazon.com Services LLC (collectively "Amazon") respectfully request that Magistrate Judge Finnegan schedule a status conference on discovery in this matter. In support of the motion, Amazon states as follows.

  1.  In this BIPA case involving virtual try-on technology ("VTO"), fact discovery as to the Amazon VTO closed on September 22, 2023. ECF No. 195. Fact discovery remains open as to the ModiFace VTO technology, and the Court has not set a date for the close of this discovery.

  2.  Plaintiffs have known since at least February 2022, through Amazon's written discovery responses, that ModiFace may have potentially relevant information, that ModiFace is a Canadian company, and that international judicial assistance procedures would be necessary to obtain discovery from ModiFace. Yet Plaintiffs waited until October 6, 2022 to request this Court issue letters rogatory. ECF No. 85. The letters rogatory issued on October 26, 2022. ECF No. 100.

  3.  Although letters rogatory issued 16 months ago, it is Amazon's understanding that the application before the Ontario Superior Court of Justice is not yet resolved. Amazon

understands that Plaintiffs and ModiFace are still in the process of negotiating a protective order and order on consent covering the potential production information Plaintiffs have requested from ModiFace. It is also Amazon's understanding that no documents have been produced, no witnesses have been deposed, and the Ontario court has not set any deadlines.

4. On January 18, 2024, Amazon's counsel emailed Plaintiffs' counsel requesting an update on the status of ModiFace discovery. Plaintiffs' counsel responded by asking Amazon's counsel to "please advise what discovery or rule would require us to give you a status report on the court proceedings." Plaintiffs' counsel have not provided an update.

5. The lack of progress on discovery in Canada is prejudicing Amazon. Amazon has filed a motion for summary judgment (ECF No. 180) and a renewed motion for summary judgment (ECF No. 223). In moving for summary judgment, Amazon argued that Plaintiffs' BIPA claims fail as a matter of law under *Barnett v. Apple Inc.*, 2022 IL App. (1st) 220187 because when VTO technology is used, no information about the user's face ever leaves his or her device. ECF Doc. No. 224, at 1.

6. It is Amazon's position that no discovery from ModiFace is necessary to resolve this issue. However, the District Court denied Amazon's motion for summary judgment and its renewed motion without prejudice to re-file it once fact discovery has concluded. ECF Doc. Nos. 200, 231. The Court did so based on Plaintiffs' representations that discovery from ModiFace was necessary to respond to the motion.

7. Amazon finds itself in an untenable position. Amazon's summary judgment motion apparently will not be decided until after ModiFace discovery in Canada is complete. Amazon is not involved in that discovery and has no visibility into the process, and Plaintiffs have shared very little information with Amazon or with this Court. As it stands, Amazon has no information on

when ModiFace fact discovery will be complete, or when the Court may address its case-dispositive summary judgment motion. Thus, Amazon continues to incur unnecessary costs in litigating an action that is otherwise ripe for resolution.

8. Exacerbating this issue, Plaintiffs' motion for class certification is fully briefed and the District Court heard oral argument on the motion on January 10, 2024. If the District Court certifies the class over Amazon's vigorous opposition, Amazon will be faced with a certified class, with claims worth billions of dollars under Plaintiffs' flawed legal theory, in a case where there is no end in sight to discovery.

9. Amazon requests a status conference at the Court's earliest convenience to discuss these issues. At the status conference, Amazon requests that the Court require Plaintiffs to provide a detailed update on the status of ModiFace discovery and an estimate of when that discovery will be completed. Following the conference, Amazon requests that the Court set a deadline for the completion of ModiFace fact discovery and an expert discovery schedule.

WHEREFORE, Amazon respectfully requests a status conference be set before Magistrate Judge Finnegan to discuss the resolution of the ModiFace discovery so Amazon may re-file its summary judgment motion.

[signature on following page]

3

Respectfully submitted,

DATE: January 24, 2024

**MORGAN, LEWIS & BOCKIUS LLP**

*/s/ Elizabeth B. Herrington*
Elizabeth B. Herrington
Gregory T. Fouts
Alborz Hassani
110 North Wacker Drive, Suite 2800
Chicago, Illinois 60606
T: (312) 324-1445
F: (312) 324-1001
beth.herrington@morganlewis.com
gregory.fouts@morganlewis.com
al.hassani@morganlewis.com

*Counsel for Defendants Amazon.com, Inc. and Amazon.com Services LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of January, 2024, I caused a true and correct copy of the foregoing document to be served on the below Counsel of Record via CM/ECF:

Keith J. Keogh
Theodore H. Kuyper
KEOGH LAW, LTD.
55 W. Monroe Street, Suite 3390
Chicago, Illinois 60603
keith@keoghlaw.com
tkuyper@keoghlaw.com

/s/ *Elizabeth B. Herrington*
Elizabeth B. Herrington