**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TANYA N. SVOBODA and ANTONELLA M. ORTIZ COLOSI, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMAZON.COM, INC., *et al.*,<br><br>Defendant. | Case No. 1:21-cv-5336<br><br>Hon. Jorge L. Alonso<br>Mag. Sheila M. Finnegan<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS AMAZON.COM, INC. AND AMAZON.COM SERVICES, LLC'S
ANSWER AND AMENDED AFFIRMATIVE DEFENSE TO FIRST AMENDED
COMPLAINT**

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Defendants Amazon.com, Inc. and Amazon.com Services, LLC (collectively, "Amazon"), by and through its attorneys, answers Plaintiffs' First Amended Complaint ("FAC") as follows:

**NATURE OF THE ACTION**

1.     Plaintiffs bring this action for damages and other legal and equitable remedies resulting from the illegal actions of Amazon in collecting, storing, and using their and other similarly-situated individuals' biometric identifiers[1] and biometric information[2] (collectively, "Biometrics") without first obtaining informed written consent and providing the requisite data retention and destruction policies, in direct violation of BIPA.

**RESPONSE:** Amazon admits that Plaintiffs allege claims under BIPA. Amazon denies it has violated BIPA and denies the remaining allegations in Paragraph 1.

2.     The Illinois Legislature has found that "[b]iometrics are unlike other unique identifiers" such as social security numbers, which can be changed if compromised. 740 ILCS 14/5(c). "Biometrics . . . are biologically unique to the individual; therefore, once compromised,

---

[1] A "biometric identifier" is any personal feature that is biologically unique to an individual, such as retina scans, fingerprints, and scans of face geometry. 740 ILCS 14/10.

[2] "Biometric information" is any information based on a person's biometric identifier used to identify an individual. 740 ILCS 14/10.

the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." *Id*.

**RESPONSE:** Amazon admits that Paragraph 2 quotes from BIPA section 14/5 but denies that the cited section accurately reflects the totality of the statute and refers the Court to the statute for the full contents thereof. Amazon denies any remaining allegations in Paragraph 2.

3. Recognizing the need to protect citizens from these risks, Illinois enacted BIPA, which prohibits private entities like Amazon from collecting, capturing, obtaining and/or possessing an individual's Biometrics unless they first: (1) inform the person in writing that biometric identifiers or information will be collected or stored; (2) provide the person with written notice of the specific purpose and length of term for which such biometric identifiers or information is being collected, stored, and used; (3) receive a written release signed by the person authorizing the collection of his or her biometric identifiers and information; and (4) develop and comply with a publicly-available retention schedule and guidelines for permanently destroying the biometric identifiers and information. *See* 740 ILCS 14/15(a)-(b).

**RESPONSE:** Amazon admits that Paragraph 3 purports to summarize BIPA section 15(a) and 15(b) but denies that the cited sections accurately reflect the totality of the statute and refers the Court to the statute for the full contents thereof. Amazon denies the remaining allegations in Paragraph 3.

4. In direct violation of these requirements, Amazon collected, captured, stored, and used—without first providing notice and the required information, obtaining informed written consent, or creating written publicly-available data retention and destruction guidelines—the facial geometry and associated personal identifying information of thousands if not millions of unwitting Illinois residents who used Amazon's virtual "Try-On" programs and applications (the "Virtual Try-On Programs") from computers and other devices in Illinois.

**RESPONSE:** Amazon denies the allegations in Paragraph 4.

5. Plaintiffs bring this action to prevent Amazon from further violating the privacy rights of Illinois residents, and to recover statutory damages for Amazon's unauthorized collection, storage, and use of those individuals' Biometrics in violation of BIPA.

**RESPONSE:** Amazon admits that Plaintiffs allege claims under BIPA. Amazon denies it has violated BIPA and denies the remaining allegations in Paragraph 5.

## PARTIES

6.  Plaintiff Tanya N. Svoboda is and has been at all times relevant a resident of the State of Illinois.

**RESPONSE:** Amazon lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 6.

7.  Plaintiff Antonella M. Ortiz Colosi was at all times relevant a resident of the State of Illinois.

**RESPONSE:** Amazon lacks knowledge or information sufficient to form a belief regarding the truth of the allegations in Paragraph 7.

8.  Defendant Amazon.com, Inc. is a corporation organized under Delaware law with its headquarters and principle place of business at 410 Terry Avenue North, Seattle, Washington.

**RESPONSE:** RESPONSE:   Amazon admits the allegations in Paragraph 8.

9.  Amazon.com, Inc. does business in Illinois and has retail store locations in Illinois.

**RESPONSE:** Amazon denies the allegations in Paragraph 9.

10.  In the alternative, Amazon.com, Inc. does business in Illinois through its subsidiary-agent, Amazon.com Services LLC.

**RESPONSE:** Amazon denies the allegations in Paragraph 10.

11.  Defendant Amazon.com Services LLC is a limited liability company organized under Delaware law with its principle place of business at 410 Terry Avenue North, Seattle, Washington.

**RESPONSE:** Amazon admits the allegations in Paragraph 11.

12.  Amazon.com Services LLC is authorized to do business in Illinois, has a registered agent in Illinois, and does business in Illinois.

**RESPONSE:** Amazon admits the allegations in Paragraph 12.

## JURISDICTION AND VENUE

13.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2) because this is a class action in which at least one member of the proposed class of plaintiffs is a citizen of a State different from Defendant within the meaning of 28 U.S.C. § 1332(d), and the aggregate amount in controversy exceeds $5,000,000, exclusive of interests and costs.

**RESPONSE:** Amazon admits that this Court has jurisdiction over Plaintiffs and over Amazon. Amazon denies the remaining allegations in Paragraph 13.

14.     This Court has personal jurisdiction over Amazon because the alleged tortious acts and conduct that are the subject of this action occurred in Illinois, Amazon transacts business in Illinois, and Amazon deliberately targeted and continues to target business activity in Illinois and purposefully avails itself of the laws, protections, and advantages of doing business in Illinois with Illinois consumers like Plaintiff.

**RESPONSE:** Amazon admits that this Court has jurisdiction over Plaintiffs and over Amazon. Amazon denies the remaining allegations in Paragraph 14.

15.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because this is the district in which a substantial part of the events and omissions giving rise to the claims occurred, and pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside in this district within the meaning of 28 U.S.C. § 1391(c)(2).

**RESPONSE:** Amazon admits that venue is proper in this District. Amazon denies the remaining allegations in Paragraph 15.

## FACTUAL BACKGROUND

I.     **Illinois's Biometric Information Privacy Act.**

16.     Biometrics are unlike other identifiers because they are a permanent, biologically-unique identifier associated with the individual. Because one cannot simply change her fingerprints or facial geometry, the collection, use, storage, and handling of biometric identifiers and biometric information creates a heightened risk of identity theft. *See* 740 ILCS 14/5(c).

**RESPONSE:** Amazon admits that Paragraph 16 purports to summarize a section of BIPA but denies that the cited section accurately reflects the totality of the statute and refers the Court to the statute for the full contents thereof. Amazon denies the remaining allegations in Paragraph 16.

17.     In the 2000's, major national corporations started using Chicago and other locations in Illinois to test new applications of biometric-facilitated transactions. *See* 740 ILCS 14/5(b).

**RESPONSE:** Amazon admits that Paragraph 17 purports to summarize a section of BIPA but denies that the cited section accurately reflects the totality of the statute and refers the Court to the statute for the full contents thereof. Amazon denies the remaining allegations in Paragraph 17.

18.     In late 2007, a biometric company called Pay by Touch—which provided major retailers throughout the State of Illinois with biometric scanners to facilitate consumer transactions—filed for bankruptcy.  That bankruptcy was alarming to the Illinois legislature because suddenly there was a serious risk that citizens' biometric records—which can be linked to people's sensitive financial and personal data—could now be sold, distributed, or otherwise shared through the bankruptcy proceedings without adequate protections.  The bankruptcy also highlighted that many persons who used the biometric scanners were unaware that the scanners were transmitting their data to the now-bankrupt company, and that their biometric identifiers could then be sold and disseminated to unknown third-parties.

**RESPONSE:**  Amazon admits that Paragraph 18 purports to summarize a section of Illinois House Transcript, 2008 Reg. Sess. No. 276 but denies that the cited section accurately reflects the totality of the document and refers the Court to the document for the full contents thereof.  Amazon denies the remaining allegations in Paragraph 18.

19.     In 2008, Illinois enacted BIPA due to the "very serious need [for] protections for the citizens of Illinois when it [comes to their] biometric information."  Illinois House Transcript, 2008 Reg. Sess. No. 276.

**RESPONSE:**  Amazon admits that Paragraph 19 purports to quote a section of Illinois House Transcript, 2008 Reg. Sess. No. 276 but denies that the cited section accurately reflects the totality of the document and refers the Court to the document for the full contents thereof.  Amazon denies the remaining allegations in Paragraph 19.

20.     BIPA makes it unlawful for a company to collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or information unless the company first:

    a.     informs the subject in writing that a biometric identifier or information is being collected or stored;

    b.     informs the subject in writing of the specific purpose and length of term for which a biometric identifier or information is being collected, stored, and used; and

    c.     receives a written release executed by the subject of the biometric identifier or information.

740 ILCS 14/15(b).

**RESPONSE:** Amazon admits that Paragraph 20 purports to summarize a section of BIPA but denies that the cited section accurately reflects the totality of the statute and refers the Court to the statute for the full contents thereof. Amazon denies the remaining allegations in Paragraph 20.

21. BIPA defines a "written release" as "informed written consent." 740 ILCS 14/10.

**RESPONSE:** Amazon admits that Paragraph 21 purports to quote a section of BIPA but denies that the cited section accurately reflects the totality of the statute and refers the Court to the statute for the full contents thereof. Amazon denies the remaining allegations in Paragraph 21.

22. BIPA also requires companies to develop and comply with a written policy—made available to the public—establishing a retention schedule and guidelines for permanently destroying biometric identifiers and information when the initial purpose for collecting such identifiers or information has been satisfied, or within three years of the individual's last interaction with the company, whichever occurs first. 740 ILCS 14/15(a).

**RESPONSE:** Amazon admits that Paragraph 22 purports to summarize a section of BIPA but denies that the cited section accurately reflects the totality of the statute and refers the Court to the statute for the full contents thereof. Amazon denies the remaining allegations in Paragraph 22.

23. As alleged below, Amazon's practice of collecting, storing and using individuals' biometric identifiers (specifically, their facial geometry) and associated biometric information without informed written consent violated BIPA § 15(b). Amazon's failure to develop a publicly-available written policy regarding its retention schedule and guidelines for the permanent destruction of individuals' biometric identifiers and biometric information violated BIPA § 15(a).

**RESPONSE:** Amazon denies the allegations in Paragraph 23.

**II.    Amazon Collected and Disclosed Plaintiff's Biometrics.**

24. Amazon's Virtual Try-On Programs are available via the Amazon.com website and Amazon applications, such as the Amazon Shopping app.

**RESPONSE:** Amazon admits that it currently provides customers with access to two different virtual try-on ("VTO") technologies: (1) a VTO feature developed internally by Amazon and offered to-date only through the Amazon smartphone app (the "Amazon VTO Feature"); and (2) a VTO feature developed and owned by third-party ModiFace and offered through both the

Amazon smartphone app and the Amazon.com website on a mobile web browser (the "ModiFace VTO Feature"). Amazon denies all other allegations in Paragraph 24.

25.     Using augmented reality technology, Amazon's Virtual Try-On Programs allow consumers to virtually try-on makeup and other products to get an impression of how they would look on the consumer's face in-person. (*See* Figures 1 and 2.)



(**Figure 1**)          (**Figure 2**)

**RESPONSE:** Amazon admits the allegations in Paragraph 25.

26.     In order to use the Virtual Try-On Programs, consumers are required to upload a preexisting photograph of their face, or turn on and use a camera to either take a new photo of their face or (for Live Mode) to begin a live video of their face. (*See* Figures 3 and 4.)



**(Figure 3)**          **(Figure 4)**

**RESPONSE:** Amazon denies the allegations in Paragraph 26.

27.    Amazon's application then scans the consumer's facial geometry and uses the facial geometry or landmarks from the photo or live video to apply or place the virtual product onto the face depicted in the photo or live video.

**RESPONSE:** Amazon denies the allegations in Paragraph 27.

28.    Amazon's Virtual Try-On Programs use an algorithm that scans the face in each photo and video to detect facial features or landmarks and calculates a unique digital map of the face (*i.e.* a face template) based on geometric attributes such as the distance between various facial features.  Accordingly, each face template constitutes a "biometric identifier."  *See* 740 ILCS 14/10.

**RESPONSE:** Amazon denies the allegations in Paragraph 28.

29.    Much like fingerprints, voiceprints, and retinal patterns, each face template is unique to, and can be used to identify, a particular person.

**RESPONSE:** Amazon denies the allegations in Paragraph 29.

30.    The Virtual Try-On Programs then apply or place the virtual product onto the face depicted in the photo or live video using the scan of the facial geometry or face template.

**RESPONSE:** Amazon denies the allegations in Paragraph 30.

31. Amazon stores the scans of face geometry and face templates extracted from the photographs and videos used in connection with the Virtual Try-On Programs in a database.

**RESPONSE:** Amazon denies the allegations in Paragraph 31.

32. This is all an automated process that occurs without the user's involvement or consent whenever a photograph is taken or uploaded or a live video is used in connection with the Virtual Try-On Programs.

**RESPONSE:** Amazon denies the allegations in Paragraph 32.

33. Users cannot disable this technology, nor can they prevent Amazon from harvesting the biometric identifiers (*i.e.* scans of face geometry) whenever a photograph or live video is used for the Virtual Try-On Programs.

**RESPONSE:** Amazon denies the allegations in Paragraph 33.

34. Because disabling this feature is not an option, use of the Virtual Try-On Programs is *conditioned* on the collection of Biometrics.

**RESPONSE:** Amazon denies the allegations in Paragraph 34.

35. Amazon indiscriminately collects Biometrics of all users who appear in any photo or live video used in connection with the Virtual Try-On Programs, including minors incapable of providing informed consent.

**RESPONSE:** Amazon denies the allegations in Paragraph 35.

### III. Amazon Possesses Plaintiff's Biometrics.

36. Amazon has complete and exclusive control over the Biometrics collected and stored in connection with the Virtual Try-On Programs. To be clear, Amazon controls:

- Whether biometric identifiers are collected;

- Which biometric identifiers are collected;

- The type of Biometrics that are collected and the format in which they are stored;

- The algorithm that is used to collect Biometrics;

- Which Biometrics are saved;

- Whether information based on biometric identifiers is used to identify users (thus creating biometric information);

- Where Biometrics are stored;

- How long Biometrics are stored; and

- Whether Biometrics are encrypted or otherwise protected.

**RESPONSE:** Amazon denies the allegations in Paragraph 36.

37.     The user of the Virtual Try-On Programs, in contrast, has no ability to control the Biometrics collected and stored.

**RESPONSE:** Amazon denies the allegations in Paragraph 37.

38.     Users cannot disable the collection of Biometrics or limit what data is collected.

**RESPONSE:** Amazon denies the allegations in Paragraph 38.

39.     Thus, Amazon fully controls—and thus, possesses—the Biometrics harvested from photos and videos used in connection with the Virtual Try-On Programs.

**RESPONSE:** Amazon denies the allegations in Paragraph 39.

## IV.     Plaintiff's Experience with Amazon's Virtual Try-On Programs.

40.     Ms. Svoboda used Amazon's Virtual Try-On Programs by accessing the Amazon.com website from a mobile device in Illinois on multiple separate occasions to virtually try-on various lipsticks.

**RESPONSE:** Amazon denies that Ms. Svoboda ever used the Amazon VTO Feature.

Amazon only maintains records identifying a subset of customers that have added a product to

their shopping cart while using the ModiFace VTO Feature and therefore lacks knowledge or

information sufficient to form a belief about the truth of the remaining allegations in Paragraph

40.

41.     In order to use Amazon's augmented reality Virtual Try-On Programs to virtually try-on makeup, Amazon required Ms. Svoboda to upload a preexisting photo of her face, or turn on and use a camera to either take a new photo or begin a live video of her face.

**RESPONSE:** Amazon denies the allegations in Paragraph 41.

42.     Each time Ms. Svoboda used the Virtual Try-On Programs, she was required to upload a preexisting photo of her face, or turn on and use a camera to take a new photo or to begin a live video of her face.

**RESPONSE:** Amazon denies the allegations in Paragraph 42.

43.    Each and every time Ms. Svoboda used Amazon's Virtual Try-On Programs, she turned on and used a camera to take a new photo of her face, at which point the Virtual Try-On Programs scanned, collected, and used her biometric identifiers and biometric information (*e.g.* scans of her face geometry, face templates).

**RESPONSE:** Amazon denies that Ms. Svoboda ever used the Amazon VTO Feature.

Amazon denies the remaining allegations in Paragraph 43.

44.    On each occasion, the Virtual Try-On Programs simulated what Ms. Svoboda would look like wearing different lipsticks by using her facial geometry and/or landmarks scanned from the photo to locate her lips and virtually apply the lipstick to her lips.

**RESPONSE:** Amazon lacks knowledge or information sufficient to form a belief about

the truth of the allegations in Paragraph 42.

45.    Ms. Ortiz Colosi used Amazon's Virtual Try-On Programs by accessing the Amazon Shopping App from a mobile device in Illinois on multiple separate occasions to virtually try-on various lipsticks.

**RESPONSE:** Amazon admits that Ms. Ortiz Colosi used the Amazon VTO Feature.

Amazon lacks knowledge or information sufficient to form a belief about the truth of the remaining

allegations in Paragraph 45.

46.    In order to use Amazon's augmented reality Virtual Try-On Programs to virtually try-on makeup, Amazon required Ms. Ortiz Colosi to upload a preexisting photo of her face, or turn on and use a camera to take a new photo or begin a live video of her face.

**RESPONSE:** Amazon denies the allegations in Paragraph 46.

47.    Each time Ms. Ortiz Colosi used the Virtual Try-On Programs, she was required to upload a preexisting photo of her face, or turn on and use a camera to take a new photo or begin a live video of her face.

**RESPONSE:** Amazon denies the allegations in Paragraph 47.

48.    On some occasions Ms. Ortiz Colosi used Amazon's Virtual Try-On Programs, she turned on and used a camera to take a new photo of her face, at which point the Virtual Try-On Programs scanned, collected, and used her biometric identifiers and biometric information (*e.g.* scans of her face geometry, face templates).

**RESPONSE:** Amazon denies "the Virtual Try-On Programs scanned, collected, and used her biometric identifiers and biometric information (*e.g.* scans of her face geometry, face templates)." Amazon lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 48.

49.     On other occasions when Ms. Ortiz Colosi used Amazon's Virtual Try-On Programs, the Virtual Try-On Programs began a live video of her face and scanned, collected, and used her biometric identifiers and biometric information (*e.g.* scans of her face geometry, face templates).

**RESPONSE:** Amazon denies that the Virtual Try-On Programs "scanned, collected, and used her biometric identifiers and biometric information (*e.g.* scans of her face geometry, face templates)." Amazon lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 49.

50.     On each occasion, the Virtual Try-On Programs simulated what Ms. Ortiz Colosi would look like wearing different lipsticks by using her facial geometry and/or landmarks scanned from the photo or live video to locate her lips and virtually apply the lipstick to her lips.

**RESPONSE:** Amazon lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50.

51.     Amazon has not informed Plaintiffs that it would collect their Biometrics whenever they used the Virtual Try-On Programs.

**RESPONSE:** Amazon denies the allegations in Paragraph 51.

52.     Amazon has not informed Plaintiffs that the Virtual Try-On Programs will operate to collect and use their Biometrics whenever a photograph is taken or uploaded or a live video is used in connection with the Virtual Try-On Programs.

**RESPONSE:** Amazon denies the allegations in Paragraph 52.

53.     Amazon never provided Plaintiffs with the requisite statutory disclosures nor an opportunity to prohibit or prevent the collection, storage, use, or disclosure of their unique biometric identifiers and biometric information.

**RESPONSE:** Amazon denies the allegations in Paragraph 53.

54. Further, Amazon never provided Plaintiffs with a retention schedule or guidelines for permanently destroying their biometric identifiers and biometric information.

**RESPONSE:** Amazon denies the allegations in Paragraph 54.

55. Amazon did not obtain consent from Plaintiffs in any form prior to collecting their biometric identifier and biometric information.

**RESPONSE:** Amazon denies the allegations in Paragraph 55.

56. Amazon never provided either Plaintiff with, nor did either of them ever sign, a written release allowing Amazon to collect, store, or use that Plaintiff's unique biometric identifiers or biometric information.

**RESPONSE:** Amazon denies the allegations in Paragraph 56.

57. By collecting, storing, and using Plaintiffs' unique biometric identifiers and biometric information without their prior informed written consent, Amazon invaded Plaintiffs' statutorily protected right to privacy in and control over their Biometrics.

**RESPONSE:** Amazon denies the allegations in Paragraph 57.

58. Amazon's acts and omissions denied Plaintiffs the opportunity to consider whether the terms of Amazon's collection, storage, and use of their biometric identifiers and biometric information were acceptable given the attendant risks, and denied them the ability to use the undisclosed information in the way BIPA envisioned, all of which harmed their concrete interests that the legislature sought to protect by enacting BIPA.

**RESPONSE:** Amazon denies the allegations in Paragraph 58.

## V. Amazon's Conduct Violates BIPA.

59. In violation of BIPA § 15(a), Amazon does not have a written, publicly-available policy establishing a retention schedule or guidelines for permanently destroying the biometric identifiers and biometric information it collected or otherwise obtained, and Amazon did not permanently destroy those within the statutorily-mandated timeframes.

**RESPONSE:** Amazon denies the allegations in Paragraph 59.

60. In violation of BIPA § 15(b)(1), Amazon collected or otherwise obtained Illinois residents' biometric identifiers and biometric information without first informing them in writing that their biometric identifiers and biometric information were being collected or stored.

**RESPONSE:** Amazon denies the allegations in Paragraph 60.

61. Amazon never informed or disclosed to consumers, as part of the process of using the Virtual Try-On Programs or otherwise, that Amazon collects and stores consumers' Biometrics from photos and videos used in connection with the Virtual Try-On Programs.

**RESPONSE:** Amazon denies the allegations in Paragraph 61.

62.     Amazon never indicates or discloses to the consumers who use its Virtual Try-On Programs that it is collecting and storing their Biometrics.

**RESPONSE:** Amazon denies the allegations in Paragraph 62.

63.     Amazon, however, does indeed collect, use, and store consumers' Biometrics.

**RESPONSE:** Amazon denies the allegations in Paragraph 63.

64.     In violation of BIPA §§ 15(b)(2) and 15(b)(3), Amazon collected or otherwise obtained Illinois residents' biometric identifiers and biometric information without first informing them in writing of the specific purpose and length of time for which their biometric identifiers and information would be collected, stored and used, and obtaining their prior informed written consent and written releases executed by each of them.

**RESPONSE:** Amazon denies the allegations in Paragraph 64.

## CLASS ALLEGATIONS

65.     **Class Definition:** Plaintiffs bring this action on behalf of a class of all similarly-situated individuals (the "Class") that is defined, subject to amendment, as follows:

> All individuals who, while residing in the State of Illinois, had their biometric identifiers or biometric information collected, captured, received or otherwise obtained by Amazon in connection with the use of any virtual try-on feature on any Amazon website or platform.

**RESPONSE:** Amazon admits that Paragraph 65 purports to define a class and that

Plaintiffs seek class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure, but

denies that any class can be certified. Amazon denies the remaining allegations in Paragraph 65.

66.     Plaintiffs represent and are members of the Class. Excluded from the Class are Amazon and any entities in which Amazon has a controlling interest, Amazon's employees and agents, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

**RESPONSE:** Amazon admits that Paragraph 66 purports to exclude certain persons from

the putative class but denies that any class can be certified. Amazon denies the remaining

allegations in Paragraph 66.

67.    Certification of Plaintiffs' claims for classwide treatment is appropriate because Plaintiffs can prove the elements of their claims on a classwide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

**RESPONSE:**  Amazon denies the allegations in Paragraph 67.

68.    **Numerosity.**   The number of persons within the Class is substantial, and is reasonably believed to include thousands of persons.  It is, therefore, impractical to join each member of the Class as a named Plaintiff.  Further, the size and relatively modest value of the claims of the individual members of the Class renders joinder impractical.  Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation.  While the exact number of Class member is currently unknown, this information can be ascertained from Amazon's and third-parties' records.  Class members can be notified about the pendency of this action through recognized, Court-approved methods of notice dissemination, such as U.S. Mail, electronic mail, internet postings, and/or published notice.

**RESPONSE:**  Amazon denies the allegations in Paragraph 68.

69.    **Commonality and Predominance.**  This action involves common questions of law and fact, which predominate over any questions affecting Class members, including, without limitation:

a.    whether Amazon collected or otherwise obtained the Class members' biometric identifiers or biometric information;

b.    whether Amazon possessed the Class members' biometric identifiers or biometric information;

c.    whether Amazon informed the Class members in writing that their biometric identifiers and biometric information are being collected or stored;

d.    whether Amazon informed Class members in writing of the specific purposes and length of term for which their biometric identifiers and biometric information are being collected, stored, and used;

e.    whether Amazon received a signed written release (as defined in 740 ILCS 14/10) to collect, use, and store each Class member's biometric identifiers and biometric information;

f.    whether Amazon maintained a publicly-available written policy establishing a retention schedule and guidelines for the destruction of biometric identifiers and information at the time it collected the Class members' biometric identifiers and biometric information;

g.    whether Amazon complied with any such written policy;

h.   whether Amazon permanently destroyed the Class members' biometric identifiers and biometric information;

i.   whether Amazon used the Class members' biometric identifiers or biometric information to identify them;

j.   whether Amazon violated BIPA; and

k.   whether Amazon's violations of BIPA were negligent, reckless, or intentional.

**RESPONSE:** Amazon denies the allegations in Paragraph 69.

70.   **Adequacy of Representation.**   Plaintiffs have retained and are represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation.  Plaintiffs and their counsel are committed to vigorously prosecuting this class action. Moreover, Plaintiffs are able to fairly and adequately represent and protect the interests of such a Class.  Neither Plaintiffs nor their counsel have any interest adverse to, or in conflict with, the interests of the absent members of the Class.  Plaintiffs have raised viable statutory claims of the type reasonably expected to be raised by members of the Class, and will vigorously pursue those claims.  If necessary, Plaintiffs may seek leave of this Court to amend this Amended Class Action Complaint to include additional Class representatives to represent the Class, additional claims as may be appropriate, or to amend the Class definition.

**RESPONSE:** Amazon denies the allegations in Paragraph 70.

71.   **Superiority.**   A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable.  Even if every member of the Class could afford to pursue individual litigation, the Court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed.  Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues.  By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class.  Plaintiffs anticipate no difficulty in the management of this action as a class action.  Class-wide relief is essential to compliance with BIPA.

**RESPONSE:** Amazon denies the allegations in Paragraph 71.

**COUNT I**
**Violation of 740 ILCS 14/15(a)**
**(On Behalf of Plaintiffs and the Class)**

72.   Plaintiffs restate and re-allege all paragraphs of this Complaint as though fully set forth herein.

**RESPONSE:** Amazon repeats and incorporates by reference all responses as though fully set forth herein.

73. BIPA requires private entities in possession of Biometrics to establish and maintain a biometric data retention—and, importantly, deletion—policy. Specifically, those entities must: (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent destruction of biometric data (at most three years after the entity's last interaction with the individual); and (ii) adhere to that retention schedule and actually delete the biometric identifiers and biometric information. *See* 740 ILCS 14/15(a).

**RESPONSE:** Amazon admits that Paragraph 73 purports to summarize a section of BIPA but denies that the cited section accurately reflects the totality of the statute and refers the Court to the statute for the full contents thereof. Amazon denies the remaining allegations in Paragraph 73.

74. Amazon failed to comply with either of these BIPA mandates.

**RESPONSE:** Amazon denies the allegations in Paragraph 74.

75. Amazon is a corporation, limited liability company and/or other group, and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

**RESPONSE:** Amazon admits the allegations in Paragraph 75.

76. Plaintiffs and the Class members are individuals whose biometric identifiers and/or biometric information are possessed by Amazon.

**RESPONSE:** Amazon denies the allegations in Paragraph 76.

77. In violation of BIPA, Amazon did not maintain the statutorily-mandated retention schedule and destruction guidelines at the time it collected Plaintiffs' and the Class member's biometric identifiers and biometric information. *See* 740 ILCS 14/15(a).

**RESPONSE:** Amazon denies the allegations in Paragraph 77.

78. In violation of BIPA, Amazon did not permanently destroy Plaintiffs' and the Class members' biometric identifiers and biometric information as required. *See* 740 ILCS 14/15(a).

**RESPONSE:** Amazon denies the allegations in Paragraph 78.

79. By failing to destroy Plaintiffs' and the Class members' biometric identifiers and biometric information, Amazon unlawfully retained their Biometrics.

**RESPONSE:** Amazon denies the allegations in Paragraph 79.

80.     Amazon's conduct intentionally or recklessly violated BIPA with respect to Plaintiffs and the Class members.

**RESPONSE:** Amazon denies the allegations in Paragraph 80.

81.     In the alternative, Amazon's conduct negligently violated BIPA with respect to Plaintiffs and the Class members.

**RESPONSE:** Amazon denies the allegations in Paragraph 81.

82.     Accordingly, Plaintiffs, on behalf of themselves and the Class, seek: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiffs and the Class by requiring Amazon to immediately and permanently destroy their biometric identifiers and biometric information, and to comply with BIPA's requirements that private entities maintain and comply with publicly-available guidelines for permanently destroying biometric identifiers and biometric information; (3) statutory damages of $5,000 for each intentional or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation of BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorney's fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

**RESPONSE:** Amazon admits that Plaintiffs request the relief listed in Paragraph 82.

Amazon denies that Plaintiffs are entitled to any relief. Amazon denies any remaining allegations

in Paragraph 82.

### <u>COUNT II</u>
### Violation of 740 ILCS 14/15(b)
### (On Behalf of Plaintiffs and the Class)

83.     Plaintiffs restate and re-allege all paragraphs of this Complaint as though fully set forth herein.

**RESPONSE:** Amazon repeats and incorporates by reference all responses as though fully

set forth herein.

84.     BIPA requires private entities such as Amazon to obtain informed written consent from individuals before acquiring their Biometrics. Specifically, BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's . . . biometric identifier or biometric information, unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; **and** (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

**RESPONSE:** Amazon admits that Paragraph 84 purports to summarize a section of BIPA but denies that the cited section accurately reflects the totality of the statute and refers the Court to the statute for the full contents thereof. Amazon denies the remaining allegations in Paragraph 84.

85. Amazon is a corporation, limited liability company and/or other group, and thus qualifies as a "private entity" under BIPA. *See* 740 ILCS 14/10.

**RESPONSE:** Amazon admits the allegations in Paragraph 85.

86. Plaintiffs and the Class members are individuals whose "biometric identifiers" and "biometric information," as defined by the BIPA—including, without limitation, scans of their facial geometry—were collected or otherwise obtained, stored, and used by Amazon.

**RESPONSE:** Amazon denies the allegations in Paragraph 86.

87. Amazon violated BIPA by collecting, capturing, purchasing, receiving through trade, or otherwise obtaining Plaintiffs' and the Class members' biometric identifiers and biometric information without first obtaining informed written consent and a signed written release from each of them. *See* 740 ILCS 14/15(b).

**RESPONSE:** Amazon denies the allegations in Paragraph 87.

88. In so doing, Amazon deprived Plaintiffs and the Class of their statutory right to maintain the privacy of and control over their biometric identifiers and biometric information.

**RESPONSE:** Amazon denies the allegations in Paragraph 88.

89. Amazon's conduct intentionally or recklessly violated BIPA with respect to Plaintiffs and the Class members.

**RESPONSE:** Amazon denies the allegations in Paragraph 89.

90. In the alternative, Amazon's conduct negligently violated BIPA with respect to Plaintiffs and the Class members.

**RESPONSE:** Amazon denies the allegations in Paragraph 90.

91. Accordingly, Plaintiffs, on behalf of themselves and the Class, seek: (1) declaratory relief; (2) statutory damages of $5,000 for each intentional or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, statutory damages of $1,000 for each negligent violation pursuant to 740 ILCS 14/20(1); (3) injunctive and other equitable relief as is necessary to protect the interests of Plaintiffs and the Class by requiring Amazon to comply with BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information, as described herein; and (4) reasonable attorney's fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

**RESPONSE:** Amazon admits that Plaintiffs request the relief listed in Paragraph 91. Amazon denies that Plaintiffs are entitled to any relief. Amazon denies any remaining allegations in Paragraph 91.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Tanya N. Svoboda and Antonella M. Ortiz Colosi, on behalf of themselves and the proposed Class, respectfully request that this Court enter an Order:

A.      Certifying this case as a class action on behalf of the Class defined above (or on behalf of any other class the Court deems appropriate);

B.      Appointing Plaintiffs as representatives of the Class, and their undersigned attorneys as class counsel;

C.      Declaring that Defendants' acts and omissions, as set out above, violate BIPA, 740 ILCS 14/1, *et seq.*;

D.      Awarding statutory damages of $5,000 for each and every intentional or reckless violation of BIPA pursuant to 740 ILCS 14/20(2), or alternatively, statutory damages of $1,000 for each and every negligent violation pursuant to 740 ILCS 14/20(1) if the Court finds that Defendants' violations were negligent;

E.      Awarding injunctive and other equitable relief as is necessary to protect the interests of Plaintiffs and the Class, including, *inter alia*, requiring Defendants to comply with BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information, and to permanently destroy Plaintiffs' and the Class members' biometric identifiers and biometric information;

F.      Awarding Plaintiffs and the Class their reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3);

G.      Awarding Plaintiffs and the Class members pre- and post-judgment interest, to the extent allowable; and

H.      Awarding such other and further relief as equity and justice may require.

**RESPONSE:**  Amazon admits that Plaintiffs request the relief listed in "Prayer for Relief." Amazon denies that Plaintiffs are entitled to any relief.  Amazon denies any remaining allegations in this section.

## JURY DEMAND

Plaintiffs, individually and on behalf of all others similarly situated, hereby demand a trial by jury on all issues so triable.

**RESPONSE:**  Amazon admits that Plaintiffs request a trial by jury of all claims that can so be tried.

* * *

## JURY DEMAND

Defendants demand a trial by jury of all claims that can be so tried.

## AMAZON'S AFFIRMATIVE DEFENSES

Amazon, without admitting any of the allegations of the FAC and without admitting or acknowledging that Amazon bears any burden of proof as to any of them, asserts the following additional defenses.  Amazon expressly reserves the right to raise additional defenses, amend its answers and affirmative and other defenses, and assert counterclaims as they may become known through the course of further investigation and discovery:

**First Defense**

[Withdrawn.]

**Second Defense**

[Withdrawn.]

### Third Defense
### (Consent)

To the extent Plaintiffs allege that Amazon is liable because Plaintiffs' and/or putative class members' biometric information was collected without their consent, such claims are barred because Plaintiffs and/or putative class members voluntarily consented (either implicitly or expressly) to the collection of such information, including by continuing to enable and use Amazon VTO technology after learning how that feature works.

### Fourth Defense
### (No Attorneys' Fees)

a.  Any request by Plaintiffs or the putative class for attorneys' fees is contrary to public policy, and Plaintiffs and/or the putative class cannot prove they are entitled to attorneys' fees for purported violations of BIPA.

b.  Plaintiffs and the putative class can recover attorneys' fees under BIPA only if they are the "prevailing party." *See* 740 ILCS 14/20. Because Plaintiffs' claims are unfounded, Plaintiff is not the "prevailing party" under BIPA and therefore is not entitled to attorneys' fees.

### Fifth Defense

[Withdrawn.]

### Sixth Defense
### (Not Reasonable Estimate of Actual Damages)

The claims of Plaintiffs and the putative class are barred because the recovery requested would not be a reasonable estimate of any actual damages, but instead would amount to a disparate penalty, akin to punitive damages for strict liability, given that Plaintiffs and the putative class members have not suffered any injury or incurred any harm to warrant such relief.

### Seventh Defense
### (Failure to Mitigate Damages)

Plaintiffs and the putative class members have failed to mitigate their damages, if any, and any recovery should be reduced or denied accordingly.

### Eighth Defense
### (Substantial Compliance)

Plaintiffs and the putative class members' claims are barred because Amazon substantially complied with BIPA.

### Ninth Defense
### (Injunctive Relief Not Warranted)

Plaintiffs and the putative class members' claims for injunctive relief are barred as there is no danger of immediate, irreparable harm.

### Tenth Defense
### (Adequate Remedy at Law)

To the extent the First Amended Complaint seeks equitable relief against Amazon, such claims are barred because Plaintiffs have adequate remedies at law. Specifically, the First Amended Complaint alleged that Plaintiffs and the putative class are entitled to damages for alleged violation of BIPA, which will result in monetary recovery if any such alleged violations are proven.

### Eleventh Defense
### (Unconstitutional)

Any award of statutory damages would constitute an unconstitutional penalty under the circumstances of this case, because Plaintiffs and class members suffered no actual injuries, and would therefore violate the due process and equal protection guarantees, and other substantive and procedural safeguards afforded by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and comparable provisions of the Illinois Constitution.

**Twelfth Defense**
**(Class Action Jury Trial Unconstitutional)**

As a matter of constitutional right and substantive due process, Amazon would be entitled to contest by jury its liability to any particular individual plaintiff, even if the representative of the purported plaintiff class prevails on her claims. Trying this case as a class action would violate the U.S. Constitution and the Illinois Constitution.

**Thirteenth Defense**
**(Estoppel, Waiver, Laches, Unclean Hands)**

Plaintiffs and the putative class's claims are barred by estoppel, waiver, laches, unclean hands, and/or other equitable defenses because Plaintiffs and putative class members voluntarily participated in the conduct alleged in the First Amended Complaint and never objected to the conduct alleged in the First Amended Complaint before filing this lawsuit. Plaintiff Tanya Svoboda testified that she used the ModiFace VTO Feature while shopping for lipstick on Amazon's mobile website in 2020. Deposition of Tanya Svoboda ("Svoboda Dep.") 66:20-22, 67:7-12, 68:24- 69:2. Plaintiff Svoboda had to affirmatively click on a "Try now" button in order to use the ModiFace VTO Feature. Svoboda Dep. Tr. 75:18-22, 77:1-8.

Plaintiff Antonella Ortiz Colosi alleges that she used both the ModiFace and Amazon VTO Features while shopping for lipstick, eye liner, and eye shadow in 2019, 2020, 2021, and March 2022. Deposition Transcript of Ortiz Colosi ("Colosi Dep.") 65:23-66:21. Plaintiff Ortiz Colosi had to affirmatively click a "try" button to use the VTO feature from the product page. Colosi Dep. Tr. 70:1:14, 126:23-127:8. Amazon's records show that Plaintiff Colosi used the Amazon VTO Feature in "live mode" on March 24, 2022. AMZN-136563. Additionally, Plaintiff Colosi testified that she never at any time contacted or wrote to Amazon to complain about the VTO applications she was using on the Amazon application. Colosi Dep. Tr. 77:7-13.

Amazon intends to rely on the usage records and testimony of the Plaintiffs and class members to establish that they voluntarily participated in the conduct alleged in the First Amended Complaint and never objected to the conduct alleged in the First Amended Complaint before filing this lawsuit

**Fourteenth Defense**
**(Assumption of the Risk)**

The claims of Plaintiffs and the putative class are barred by the doctrine of primary assumption of the risk.

**Fifteenth Defense**
**(Ratification and Acquiescence)**

The claims are barred in whole or in part by the doctrines of ratification and acquiescence. Upon information and belief, Plaintiffs and the putative class members approved and, in some cases, participated in the complained-of conduct. Accordingly, they are barred from bringing their claims under the doctrines of ratification and acquiescence.

Plaintiff Tanya Svoboda testified that she used the ModiFace VTO Feature while shopping for lipstick on Amazon's mobile website in 2020. Deposition of Tanya Svoboda ("Svoboda Dep.") 66:20-22, 67:7-12, 68:24- 69:2. Plaintiff Svoboda had to affirmatively click on a "Try now" button in order to use the ModiFace VTO Feature. Svoboda Dep. Tr. 75:18-22, 77:1-8.

Plaintiff Antonella Ortiz Colosi alleges that she used both the ModiFace and Amazon VTO Features while shopping for lipstick, eye liner, and eye shadow in 2019, 2020, 2021, and March 2022. Deposition Transcript of Ortiz Colosi ("Colosi Dep.") 65:23-66:21. Plaintiff Ortiz Colosi had to affirmatively click a "try" button to use the VTO feature from the product page. Colosi Dep. Tr. 70:1:14, 126:23-127:8. Amazon's records show that Plaintiff Colosi used the Amazon VTO Feature in "live mode" on March 24, 2022. AMZN-136563. Additionally, Plaintiff Colosi testified

that she never at any time contacted or wrote to Amazon to complain about the VTO applications she was using on the Amazon application. Colosi Dep. Tr. 77:7-13.

Amazon intends to rely on the usage records and testimony of the Plaintiffs and class members to establish that they approved and, in some cases, participated in the complained-of conduct.

WHEREFORE, having answered the First Amended Complaint, Amazon respectfully requests:

1. That Plaintiffs take nothing for each and every claim for relief averred in the First Amended Complaint;

2. That judgment on the First Amended Complaint, and each and every claim for relief therein, be entered in favor of Amazon and against Plaintiffs; and

3. For such other and further relief as the Court deems just and proper.


Dated: April 10, 2024                         Morgan, Lewis & Bockius LLP

                                              /s/ Gregory T. Fouts
                                              Elizabeth B. Herrington
                                              Gregory T. Fouts
                                              Alborz Hassani
                                              110 North Wacker Drive, Suite 2800
                                              Chicago, Illinois 60606
                                              T: (312) 324-1445
                                              F: (312) 324-1001
                                              beth.herrington@morganlewis.com
                                              gregory.fouts@morganlewis.com
                                              al.hassani@morganlewis.com

                                              *Counsel for Defendants Amazon.com, Inc. and Amazon.com Services, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 10th day of April, 2024, I caused a true and correct copy of

the foregoing document to served the below Counsel of Record via electronic mail:


Keith J. Keogh
Theodore H. Kuyper
Timothy J. Sostrin
KEOGH LAW, LTD.
55 W. Monroe Street, Suite 3390
Chicago, Illinois 60603
keith@keoghlaw.com
tkuyper@keoghlaw.com

/s/ Gregory T. Fouts
_____
Gregory T. Fouts
