**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TANYA N. SVOBODA and | ) | |
| ANTONELLA M. ORTIZ COLOSI, | ) | |
| individually and on behalf of all others | ) | |
| similarly situated, | ) | |
| | ) | Case No. 1:21-cv-05336 |
| Plaintiffs, | ) | |
| v. | ) | Hon. Jorge L. Alonso |
| | ) | |
| AMAZON.COM, INC., *et al.*, | ) | Mag. Laura K. McNally |
| | ) | |
| Defendants. | ) | |

**JOINT STATUS REPORT REGARDING
PROPOSED NEXT STEPS FOLLOWING APPEAL**

Pursuant to ECF No. 397, Plaintiffs Tanya Svoboda and Antonella Ortiz Colosi, and Defendants Amazon.com, Inc. and Amazon.com Services, LLC (collectively "Amazon" and, together with Plaintiffs, the "Parties"), submit the following:

On March 18, 2025, the Court stayed this case pending the Seventh Circuit's resolution of Amazon's appeal under Fed. R. Civ. P. 23(f). *See* ECF No. 390.

On March 6, 2026, the Seventh Circuit affirmed the order certifying a class in this case, denied a rehearing or rehearing en banc, and issued an amended opinion. *See* Case No. 25-1361, ECF No. 55. The Seventh Circuit issued its Mandate on March 23, 2026. *Id.* ECF No. 59.

On March 9, 2026, the Court ordered that the Parties file an updated status report by March 23, 2026, proposing next steps in the litigation. *See* ECF No. 397.

### A.    Plaintiffs' Position Regarding Next Steps

The next step in this litigation should be issuing class notice. Notice should issue as promptly as possible since the class was certified over two years ago. In order to do that, Amazon must first update the class data. The Parties agree that Amazon will do so by August 7, 2026.

In addition, the parties should complete the document productions and deposition already noticed by the parties, which they agreed—with Magistrate Judge Finnegan's approval—to table until class certification was ultimately resolved since that could've impacted those issues. *See ECF Nos.* 249 § A(2)(b), 287 at 1, 293 at 2 (§B); *ECF Nos.* 363, 373, 387. The Parties will be submitting a status report to Magistrate Judge McNally proposing deadlines for those items within 14 days of the Seventh's Circuit's issuance of the mandate on Amazon's appeal. *See ECF No.* 392.

1

247705_4

Aside from those specific items, fact discovery is closed. *See ECF No*. 381; *see also ECF No*. 205. Amazon has advised that it intends to seek leave to reopen discovery to depose class members and issue new written discovery requests during a new discovery period of over 220 days, yet nothing in the Seventh Circuit's opinion requires this Court to reopen discovery. Amazon could have sought leave to seek discovery from absent class members years ago. It chose not do so despite arguing it would need to take such discovery to this Court over two years ago.

Further, while the Seventh Circuit noted that Amazon has the right to present evidence challenging "particular affidavits" from class members (*7th Cir. ECF No. 56* at 15), the mechanism for Amazon to do so is a "proper auditing procedure" (*ECF No*. 291 at 21) during the "final phase" of this litigation (*7th Cir. ECF No. 56* at 13) *after* those affidavits are received, if any, not reopening discovery to permit a broad-scale fishing expedition which will inevitably impose significant burdens on class members who may never ultimately submit affidavits.

### B. Amazon's Position Regarding Next Steps

Amazon agrees to produce updated class data by August 7, 2026 after which it will be appropriate for the Court to set a schedule for class notice. In compliance with ECF No. 392, the Parties plan to submit a joint status report to Magistrate Judge McNally within 14 days of the Seventh Circuit issuing its mandate, which will fully set forth proposed deadlines for remaining fact discovery, expert discovery, and motions for summary judgment. *See* ECF No. 398. The Seventh Circuit issued its Mandate on March 23, 2026.

The time for Plaintiffs to take their "already noticed" deposition has long passed. Plaintiffs reference a Joint Status Report filed before Magistrate Judge Finnegan in *October 2023* (ECF No. 249) previewing a "Motion to compel Amazon to produce a knowledgeable Rule 30(b)(6) deponent on class data and Modiface, Inc. topics, for sanctions, and to reopen Amazon VTO fact discovery." Discovery regarding the in-house Amazon VTO closed on October 6, 2023 (Dkt. 205). Despite again threatening such a motion in April 2024 (ECF No. 293), Plaintiffs have not filed any such motion and the time to do so has long passed. Recognizing discovery has been referred to Magistrate Judge McNally, Amazon does not set forth the full basis for why such discovery would be inappropriate in this Joint Status Report, but points the Court to its position in the October 2023 Joint Status Report as to why any such deposition is inappropriate. *See* ECF No. 249. Judge McNally and the Parties have been thorough in addressing the contents of the updated class data. *See* ECF Nos. 363, 373, 387. To the extent questions remain regarding the meaning of certain fields in Amazon's updated class data production, Amazon can answer such questions in writing, which would be much more efficient given the need to research any technical answers to ensure their accuracy.

As part of class discovery, Amazon intends to file a motion for leave to conduct discovery of absent class members, in accordance with the Seventh Circuit's directive in its recent decision in this case. In its decision affirming this Court's class certification ruling, the Seventh Circuit confirmed that VTO use in Illinois is essential not only to class membership but also as an *element* of a BIPA claim itself. *Svoboda v. Amazon.com Inc.*, No. 25-1361, 2025 WL 4632107, at *4 (7th Cir. 2025). The Seventh Circuit further held that whether a particular customer used VTO in

Illinois presents an "individualized question." *Id.* at *4. This is because, while "common proof of location including billing address and geolocation information will be available for some claimants," "as the district court acknowledged, individualized inquiries will be necessary for others"—including where "billing address and geolocation data point to different states" or are "unavailable for an alleged VTO use." *Id.* at *5. Indeed, "[n]o proxy alone may suffice or be perfect to prove location. Billing addresses may be out of date. Geolocation data has a margin of error, especially for cellular data[.]" *Id.* at *6. Accordingly, the Seventh Circuit stressed the importance of affording Amazon the opportunity to develop and challenge through discovery and examination at trial "class member's individual proof of location." *Id.*

Although the Seventh Circuit noted the audit procedure referenced by Plaintiffs, that procedure is only effective if Amazon has the opportunity to conduct discovery of absent class members in advance. Absent that, Amazon has no meaningful way of exercising the specific due process rights the Seventh Circuit recognized in its recent decision. For example, Amazon would not be able to challenge the credibility of absent class members, or their recollective capacity, absent depositions. Accordingly, in conjunction with the forthcoming joint status report and before Judge McNally proposes a schedule for the rest of discovery, Amazon intends to file a motion for leave to conduct absent class member discovery.

Dated: March 23, 2026

Respectfully Submitted,

/s/ Theodore H. Kuyper
Keith J. Keogh
Timothy J. Sostrin
Theodore H. Kuyper
KEOGH LAW, LTD.
55 W. Monroe Street, Suite 3390
Chicago, Illinois 60603
(312) 726-1092
keith@keoghlaw.com
tsostrin@keoghlaw.com
tkuyper@keoghlaw.com
*Attorneys for Plaintiffs and the Class*


/s/ Elizabeth B. Herrington
Elizabeth B. Herrington
Alborz Hassani
Alexander Lewis
MORGAN, LEWIS, BOCKIUS LLP
110 N. Wacker Drive, Suite 2800
Chicago, Illinois 60606
(312) 324-1000
beth.herrington@morganlewis.com
al.hassani@morganlewis.com

3

247705_4

alexander.lewis@morganlewis.com

Ari M. Selman
MORGAN, LEWIS, BOCKIUS LLP
101 Park Avenue
New York, New York 10178-0060
(212) 309-1000
ari.selman@morganlewis.com

Rachel Raphael
MORGAN, LEWIS, BOCKIUS LLP
1111 Pennsylvania Ave, NW
Washington, DC 20004-2541
rachel.raphael@morganlewis.com
*Attorneys for Defendants*

4

247705_4

## CERTIFICATE OF SERVICE

I hereby certify that, on March 23, 2026, I caused a copy of the foregoing ***Joint Status Report Regarding Proposed Next Steps Following Appeal*** to be served upon all counsel of record via electronic filing using the CM/ECF system.


       /s/ Theodore H. Kuyper

247705_4