**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TANYA N. SVOBODA and | ) | |
| ANTONELLA M. ORTIZ COLOSI, | ) | |
| individually and on behalf of all others | ) | |
| similarly situated, | ) | |
| | ) | Case No. 1:21-cv-05336 |
| Plaintiffs, | ) | |
| v. | ) | Hon. Jorge L. Alonso |
| | ) | |
| AMAZON.COM, INC., *et al.*, | ) | Mag. Laura K. McNally |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION TO STAY OR IN THE
ALTERNATIVE FOR EXTENSION OF TIME TO FILE
OBJECTIONS TO MAGISTRATE JUDGE'S MARCH 10, 2025 ORDER**

Pursuant to Fed. R. Civ. P. 6(b)(1)(A), Plaintiffs Tanya Svoboda and Antonella Ortiz Colosi (collectively, "Plaintiffs"), on behalf of themselves and the certified Class, respectfully request that the Court stay, or in the alternative extend, up to and including April 17, 2026, the time to file Fed. R. Civ. P. 72(a) objections to the March 10, 2025 order of the Honorable Laura K. McNally (ECF No. 387), which in effect granted in part and denied in part Plaintiffs' Motion to Compel Regarding Disputed Parameters for Updating Class Data.

**INTRODUCTION**

1.      On March 7, 2025, Plaintiffs filed a Motion to Compel Regarding Disputed Parameters for Updating Class Data After Class Certification Pursuant to ECF Nos. 379 and 381 (hereinafter, the "Motion to Compel"). *See* ECF No. 385.  The Motion to Compel sought, *inter alia*, to compel Amazon to produce four categories of class data contemplated by this Court's Order granting class certification and the Seventh Circuit's opinion affirming. *See id.*

2.      On March 10, 2025, the Honorable Laura K. McNally entered an order (ECF No.

1

387) declining to compel any data about a subset of people who are in the class, and other class data and relief sought by the Motion to Compel, all of which may be relevant under this Court's class-certification Order and the Seventh Circuit's opinion affirming. *See* ECF No. 387 (hereinafter, the "March 10 Order").

3.      In addition, Amazon is seeking additional class discovery, which if allowed would make this discovery more relevant. If Amazon is denied this additional discovery, Plaintiffs may not need to object to the March 10 Order or the Magistrate may allow it as part of any additional class discovery.

4.      Pursuant to Rule 72(a), Plaintiffs' deadline to object to the March 10 Order was originally March 24, 2025. *See* Fed. R. Civ. P. 72(a).

5.      Eight days into that fourteen-day period, however, this Court stayed the case "pending further order of the Court," because the Seventh Circuit granted Amazon's Rule 23(f) petition for leave to appeal this Court's class-certification Order. *See* ECF No. 390. As a result, only six days remain for Plaintiffs to file objections to the March 10 Order.

6.      Now that the Court has entered an Order (ECF No. 404) lifting the stay, that time period has begun, and Plaintiffs' objections to the March 10 Order are currently due on March 31, 2026.

## ARGUMENT

7.      This Court has "broad authority to set and revise deadlines." *E.g.*, *Young-Smith v. USW*, 614 F. App'x 843, 847 (7th Cir. 2015).

8.      To that end, Rule 6(b)(1) provides that the Court "may, in its discretion and for good cause shown, extend the time" for a party to act if the request for an extension is made before the original time expires. Fed. R. Civ. P. 6(b)(1)(A).

2

9. Accordingly, "a court may, 'for good cause,' extend the deadline for filing objection[s]" to a magistrate judge's order under Rule 72. *E.g.*, *Herrmann v. Meisner*, 2020 U.S. Dist. LEXIS 177379, at *20 (E.D. Wis. Sep. 25, 2020) (quoting Fed. R. Civ. P. 6(b)); *accord Sims v. Bowen*, 666 F. Supp. 1141, 1142-43 (N.D. Ill. 1987) ("The Federal Rules allow for extensions of time for the filing of objections to magistrate's orders.") (citing Fed. R. Civ. P. 6(b)).

10. Furthermore, Amazon is now claiming additional class discovery may be needed based on this Court's and the Seventh Circuit's class certification opinions as explained above. How the Magistrate rules on those issues will almost certainly impact whether Plaintiffs need to object to the March 10 Order or not. It's a waste of judicial and the parties' resource to brief an objection that may become moot.

11. The foregoing circumstances and the efforts to conserve party and scarce judicial resources easily establish "good cause" for the extension under Rule 6. *See Phillips v. Spencer*, 2018 U.S. Dist. LEXIS 89399, at *4 (E.D. Cal. May 29, 2018) (because "awaiting a ruling . . . would allow the Defendant . . . to respond . . . in a more efficient manner, thereby conserving judicial resources," finding good cause and extending deadline); *Insulate SB, Inc. v. Abrasive Prods. & Equip.*, 2013 U.S. Dist. LEXIS 121320, at *8 (M.D. Pa. Aug. 27, 2013) (because "[d]enying an extension would mean . . . motions and briefing would need to be re-drafted and re-filed" depending on future ruling, finding good cause and extending deadline, holding this "will promote judicial economy, be in the best interests of the parties, and assist with the 'just, speedy, and inexpensive determination' of the litigation"); *Reiskin v. Reg'l Transp. Dist.*, 2015 U.S. Dist. LEXIS 153290, at *6 (D. Colo. Nov. 12, 2015) (finding good cause for extension intended "'to conserve the Parties' and this Court's time and resources' while also 'preserv[ing] each Party's rights . . .'" depending on subsequent events); *Jiang v. United States Citizenship & Immigration*

3

247730_4

*Servs.*, 2022 U.S. Dist. LEXIS 197687, at *2 (W.D. Wash. Oct. 31, 2022) (granting extension, holding it "will allow the parties to conserve resources because they will not have to expend resources completing work on the case that may become moot" due to subsequent ruling).

12.     Plaintiffs have not previously sought any extensions of this deadline.

13.     The extension sought will not unduly delay these proceedings or prejudice Amazon—indeed, the entire case has been stayed for over a year. *See* ECF No. 390.

14.     Plaintiff reached out to Amazon for agreement but Amazon wanted agreement on a schedule that had numerous springing deadlines that were unworkable especially when Plaintiff may not even need to file an objection to the March 10th Order as that is dependent on what the Magistrate rules on Amazon's future discovery motion it has not even filed.

15.     Plaintiffs respectfully submit that the foregoing constitutes good cause for the extension sought.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter an Order: **(A)** granting this Motion; **(B)** staying the time to object until after the Magistrate decides on the issue of additional class discovery and **(C)** in the alternative extending the time for Plaintiffs to file objections to the March 10 Order (ECF No. 387) under Fed. R. Civ. P. 72(a) up to and including April 17, 2026; and **(D)** awarding any further relief the Court deems necessary and proper.

Dated: March 30, 2026

Respectfully Submitted,

TANYA N. SVOBODA AND ANTONELLA M. ORTIZ COLOSI, individually and on behalf of all others similarly situated, Plaintiffs

By:   /s/ Keith J. Keogh

Keith J. Keogh
Timothy J. Sostrin
Theodore H. Kuyper

4

247730_4

5

KEOGH LAW, LTD.
55 W. Monroe Street, Suite 3390
Chicago, Illinois 60603
(312) 726-1092
keith@keoghlaw.com
tsostrin@keoghlaw.com
tkuyper@keoghlaw.com

***Attorneys for Plaintiffs and the Class***

5

247730_4

## CERTIFICATE OF SERVICE

I hereby certify that, on March 30, 2026, I caused a copy of the foregoing *Plaintiffs' Motion to Stay or in the Alternative for Extension of Time to File Objections to Magistrate Judge's March 10, 2025 Order* to be served upon all counsel of record via electronic filing using the CM/ECF system.


        /s/ Keith J. Keogh

247730_4