**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| TANYA N. SVOBODA and ANTONELLA M. ORTIZ COLOSI, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| | ) | Case No. 1:21-cv-05336 |
| Plaintiffs, | ) | |
| v. | ) | Hon. Jorge L. Alonso |
| | ) | |
| | ) | Mag. Laura K. McNally |
| AMAZON.COM, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' OPPOSED MOTION FOR LEAVE TO
CONDUCT ABSENT CLASS MEMBER DISCOVERY**

**INTRODUCTION**

The Seventh Circuit's recent ruling in this case squarely frames an individualized merits issue: territoriality. To recover, each class member must prove she used Amazon's Virtual Try-On ("VTO") feature *in Illinois*. But the Panel held that location is not merely a class-membership issue; it is a liability requirement, and a claimant's physical location when using VTO constitutes a crucial, individualized issue. *Svoboda v. Amazon.com Inc.*, 168 F.4th 956, 962–63 (7th Cir. 2026). The Panel elaborated why individualized proof is necessary: some claimants lack geolocation data; for others, billing-address data points to different states; and even when both exist, billing addresses may be stale and geolocation has acknowledged error margins. *Id.* at 963–65.

The Panel also underscored fairness. It rejected Amazon's due process challenge to certification because it noted that Amazon remains free to test the reliability of location evidence, the credibility of relevant subgroups, and any individualized affidavits or declarations Plaintiffs submit on that issue. *Id.* at 965. This motion seeks permission to do just that through limited discovery from a statistically valid sample of absent class members, including the subgroups the Panel identified, and from any absent class member whose affidavit or declaration Plaintiffs intend to use to prove Illinois use.

This is a request to litigate this class action in accordance with the Panel's directives. The Seventh Circuit has long held that absent-class discovery may be ordered when necessary for trial preparation and not used to harass class members or shrink the class. *Brennan v. Midwestern United Life Ins. Co.*, 450 F.2d 999, 1005–1006 (7th Cir. 1971); *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 340–41 (7th Cir. 1974).

That standard is met here. No database can answer, for every disputed use, where the claimant was physically located when using VTO—particularly where billing address or

1

geolocation data are stale or conflict.  For some claimants, only the claimants themselves can supply that proof, including through affidavit, declaration, or testimony.  Due process entitles Amazon to test that proof before it becomes the basis for liability.

Amazon's request is modest: a short questionnaire on location-related proof, followed by Rule 45 subpoenas for location-related documents and limited depositions of no more than three hours.  Amazon will tender any Rule 45 fees, coordinate scheduling through Plaintiffs' counsel, and conduct depositions remotely, if preferred.  In a case involving an estimated class of several hundred thousand individuals, average individual damages of thousands of dollars (plus attorneys' fees and expert costs), this discovery is proportional and the least burdensome way to effectuate the process the Seventh Circuit said Amazon is due.  *Svoboda*, 168 F.4th at 965–67.

## **BACKGROUND**

Following the Court's certification of a class in March 2024 (Dkt. 291), the Court entered a Scheduling Order.  Dkt. 381.

After the Seventh Circuit granted Amazon's Rule 23(f) petition in March 2025 (Dkt. 383), proceedings were stayed.  Dkt. 390.  On March 6, 2026, the Seventh Circuit issued an amended opinion that, while affirming class certification, held that location constitutes an individualized merits issue, and that individualized proof and credibility challenges may be necessary for certain subgroups of class members.  *Svoboda*, 168 F.4th at 962–65.

This case now returns with clear guidance: location must be proved claimant by claimant, and Amazon should be permitted to test the proof Plaintiffs intend to use.  That is why this Motion is necessary.  *Cf.* ECF No. 409 (authorizing filing of this Motion by April 20, 2026).

## ARGUMENT

### I. THE PANEL'S RULING MAKES TARGETED ABSENT-CLASS DISCOVERY NECESSARY.

The Panel did not merely note a possibility individualized issues could arise. It identified the precise merits issue requiring individualized proof and the exact evidentiary problems necessitating targeted absent-class discovery.

*First*, the Panel held that location bears not only on class membership but also on whether an individual can establish a BIPA violation *at all*. *Svoboda*, 168 F.4th at 962–63. It deemed the claimant's physical location at the time of use a key, individualized issue. *Id.* at 963.

*Second*, the Panel explained why common proxies will be insufficient for certain claimants. Some claimants have geolocation data; others do not. Some have billing-address and geolocation data that conflicts. And even when both proxies exist, billing addresses may be stale and geolocation has acknowledged error margins, particularly for cellular data. *Id.* at 965. For at least some claimants, therefore, the decisive proof will be individualized.

*Third*, the Panel held that Amazon should be allowed to test that individualized proof. It rejected Amazon's due process challenge at certification because Amazon remains free to examine the reliability of location evidence, test the credibility of certain subgroups, and challenge particular affidavits or declarations. *Id.* at 965. Hence, the Court need not speculate whether subgroup-specific discovery is warranted; the Panel already identified the proof at issue and Amazon's entitlement to such discovery.

Without it, Plaintiffs could use unsubstantiated declarations or an individual's mere say-so based on tenuous (or non-existent) recollection. Either would deprive Amazon a meaningful opportunity to examine the witness. That is not the process the Panel contemplated. *See id.*;

3

*Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750, 756 (7th Cir. 2014) (class actions routinely may include a later phase requiring presentation of individualized proof).

## II. THIS CASE SATISFIES THE APPLICABLE STANDARD FOR ABSENT CLASS MEMBER DISCOVERY.

While absent class member discovery is not routine, it is permitted. The controlling Seventh Circuit cases, *Brennan* and *Clark*, draw the line at necessity and fairness.

*Brennan* rejected categorical immunity for absent class members and allowed discovery needed for trial preparation and the presentation of defenses. 450 F.2d at 1005. *Clark* likewise held that written discovery and, when necessary, depositions may be allowed, where not utilized to take undue advantage. 501 F.2d at 340–41; *accord Schwartz v. Celestial Seasonings Inc.*, 185 F.R.D. 313, 316–317 (D. Colo. 1999).

### A. The Discovery Sought Is Necessary.

Necessity is the touchstone requirement, and this case presents it. The Seventh Circuit has already held that, for some claimants, location proxies will be missing, stale, conflicting, or otherwise inaccurate. *Svoboda*, 168 F.4th at 963–65. For those claimants, the decisive facts—their location when using VTO, whether they were traveling, whether their billing information had changed, what records anchor their recollection and its accuracy and reliability, and the basis for any affidavit or declaration—are within their possession or personal knowledge, not Amazon's records. *See Bruhl v. Price Waterhousecoopers Int'l*, No. 03-23044-Civ, 2010 WL 5090207, at *2 (S.D. Fla. Dec. 8, 2010) (allowing limited targeted discovery of absent class members when "there is no other way [] to get [the] information"); *see, e.g.*, *Morgan v. UPS*, No. 94-cv-1184, 1998 WL 785322 (E.D. Mo. Oct. 16, 1998) (holding that depositions of absent class members were permissible if defendants demonstrate depositions are necessary for trial of the issue, restricted to relevant information, and not merely to trim the class).

That need is especially acute if Plaintiffs seek to prove Illinois use through affidavits or declarations, as expected. A defendant need not accept untested declarations on an individualized merits issue—particularly one as fraught with potential error as the issue here. *See Svoboda*, 168 F.4th at 965. Indeed, most individuals presumably would not reliably recall the specific date they used VTO on their mobile device *several years ago*, and where they were physically located on that *precise date*. *Mullins v. Direct Digital, LLC* confirms that due process requires a meaningful chance to challenge class member proof. 795 F.3d 654, 669 (7th Cir. 2015). *Beaton v. SpeedyPC Software* makes the point concretely: when individualized issues are addressed through affidavits and audits, the defendant may obtain testimony from a sample of class members and offer evidence contradicting particular affidavits. 907 F.3d 1018, 1030 (7th Cir. 2018). *Svoboda* extends that logic to whether VTO use occurred in Illinois. 168 F.4th at 965. Its reasoning thus supports the targeted discovery Amazon seeks.

### B. The Discovery Is Not Sought for an Improper Purpose.

Amazon does not seek this discovery to chill participation, saddle absent class members with additional burdens to remain in the class or prosecute open-ended discovery. It seeks targeted discovery on a single, discrete issue—location—because the Panel held that location is an individualized merits issue, and that Amazon must have a fair chance to develop and test individualized proof on that narrow issue. *Id.* at 962–65.

Amazon's request avoids the concerns *Clark* and *Brennan* identified. It seeks discovery from a limited, statistically valid sample drawn from subgroups, consistent with the Panel's direction. Amazon will coordinate scheduling through Plaintiffs' counsel, conduct depositions remotely if preferred, cap each deposition at three hours, and tender any Rule 45 fees. These safeguards confirm the Motion is not a device to take undue advantage of absent class members. See *Clark*, 501 F.2d at 340–41 (quoting *Brennan*, 450 F.2d at 1005).

Further, *Brennan's* logic applies with even greater force here. In *Brennan*, discovery was proper because it was "necessary" to "proper[ly] adjudicat[e] the principal suit," burden-reducing measures were employed, and no ulterior motive appeared. 450 F.2d at 1005–1006. *Brennan* recognized that discovery was warranted to "prepar[e] the case for trial" and to "obtain[] information relating to certain defenses"—not simply to trim the class. *Id*. at 1005. The same is true here. Indeed, the *Panel itself* identified subgroup credibility and affidavit-testing as essential to the territoriality inquiry. *Svoboda*, 168 F.4th at 965.

## C. The Discovery Is Proportionate.

The requested discovery is also proportionate to the scale and complexity of the case and the relief sought. The class is estimated to include hundreds of thousands of individuals. Plaintiffs allege repeated instances of VTO use and seek $1,000 or $5,000 per violation, depending on the nature of the claim.

Courts permit absent class member discovery where, as here, the means are not unduly burdensome. *See Long v. Trans World Airlines, Inc.*, 761 F. Supp. 1320, 1322, 1331 (N.D. Ill. 1991) (allowing defendants to obtain questionnaires previously completed by class members and in their possession); *Easton & Co. v. Mut. Benefit Life Ins. Co.*, Civ. No. 91-4102, 1994 WL 248172 (D.N.J. May 18, 1994) (allowing interrogatories to absent class members addressing individualized reliance); *Transamerican Refin. Corp. v. Dravo Corp.*, 139 F.R.D. 619, 622 (S.D. Tex. 1991) (allowing limited interrogatories directed to claims and defenses); *Krueger v. New York Tel. Co.*, 163 F.R.D. 446, 452 (S.D.N.Y. 1995) (approving questionnaires targeting specific damages questions); *see also Cruz v. Dollar Tree Stores, Inc.*, No. 07-2050, 2011 WL 843956, at *7 (N.D. Cal. Mar. 8, 2011) (permitting service of written discovery on absent class members).

Indeed, sampling will further reduce the associated burden on the class. Again, Amazon is **not** asking to depose the whole class. *Compare with Rosen v. Reckitt & Colman Inc.*, 1994 WL

6

652534, at *3, *5 (S.D.N.Y. Nov. 17, 1994) (permitting depositions of all 50 class members).  In *Roberts v. C.R. England, Inc.*, the court allowed discovery of a statistical sample of absent class members. 2017 WL 5312116, at *3, *6 (D. Utah Nov. 13, 2017).  And in *Arredondo v. Delano Farms Co.*, the court permitted roughly 196 absent-class depositions—less than one percent of a 25,000-member class—because the discovery was reasonably necessary, not for an improper purpose, and proportionate to the case's size and stakes. 2014 WL 5106401, at *5–9 (E.D. Cal. Oct. 10, 2014).

Here, Amazon likewise seeks narrowly tailored discovery from a statistically valid sample within certain identified subgroups.  The discovery sought focuses on a discrete issue essential for membership in the class ***and*** liability, and which the Seventh Circuit itself confirmed requires individualized inquiry.  On top of this, tens, if not hundreds, of thousands of class members have individual claims in the ***thousands*** of dollars.

The narrow discovery sought is proportionate.

## III. THE REQUESTED DISCOVERY IS NECESSARY FOR AMAZON'S EXERCISE OF ITS DUE PROCESS RIGHT TO LITIGATE INDIVIDUALIZED ISSUES BEARING ON LIABILITY.

The Supreme Court and the Seventh Circuit are clear: Rule 23 cannot abridge a defendant's right to litigate individualized issues bearing on liability. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 367 (2011); *Mullins*, 795 F.3d at 669.  As Plaintiffs themselves acknowledge, "As the Panel held, Amazon 'will still have the opportunity to challenge class members' individual proof of location' and can 'present evidence challenging particular affidavits.'"  Dkt. 25-1361, Dkt. 51 at 15 (citing *Svoboda*, 168 F.4th 956 at 965).

The point is not that Amazon must be given an infinite or cost-free way to contest every claim.  *Mullins* rejected that sweeping right.  795 F.3d at 669.  But *Mullins* also stressed the central

constitutional point: Amazon must have a fair opportunity to test the individualized proof on which Plaintiffs rely. *Id.*

*Beaton* shows how that principle works in practice. 907 F.3d at 1030. There, the Seventh Circuit approved affidavits and auditing procedures to handle individualized questions but stressed that the defendant could obtain testimony from a sample of class members and could offer evidence contradicting particular affidavits. *Id. Svoboda* tracks that logic almost exactly. The Panel explained that Amazon may challenge the reliability of location evidence, test subgroup credibility, and challenge particular affidavits or declarations. 168 F.4th at 965. Targeted discovery of absent class members ensures these rights are meaningful—not purely theoretical.

Without discovery, these rights would be hollow. If geolocation data were unavailable, Plaintiffs may rely on claimant recollection and claimants' bare say-so to show VTO use in Illinois. If billing-address data conflicts with other billing-address data or geolocation data, Plaintiffs may dismiss those billing addresses as stale or geolocation data as inaccurate. And Plaintiffs may ask the Court to credit class members' say-so or other individualized evidence to resolve these conflicts or fill in gaps. Accordingly, Amazon is entitled to ask the basic questions that bear on whether the claimant can establish the statutory violation ***at all***: how the claimant knows where he or she was months or years prior, what records support that recollection, whether the claimant was traveling, whether billing information later changed, and what basis exists for any affidavit or declaration. These are merits questions, not collateral issues. *See Svoboda*, 168 F.4th at 962–65.

The requested discovery also will aid management of the individualized phase contemplated by the Panel. If the discovery shows that common procedures are appropriate for certain subgroups, that will narrow future disputes and streamline adjudication. If it reveals additional individual questions, subsequent phases of the litigation can be tailored accordingly

before summary judgment or trial rather than only after them. Either way, targeted discovery will aid orderly case management while safeguarding Amazon's due process rights.

## IV. THE COURT SHOULD ALLOW LIMITED, PHASED DISCOVERY TAILORED TO THE SEVENTH CIRCUIT'S GUIDANCE.

Amazon proposes a phased approach to absent class member discovery consistent with the Panel's directives.

*First*, Amazon seeks leave to serve a short questionnaire on a sample of absent class members drawn from subgroups tied to the *Svoboda* opinion. These include: (1) claimants with VTO uses lacking geolocation data; (2) persons whose billing-address data conflict, whose geolocation data conflict, or whose billing-address and geolocation data point to different states; (3) persons whose geolocation data is otherwise unreliable (*e.g.*, based on the internet connection used); (4) persons whose billing addresses appear stale, or whose billing-address or geolocation data is inconsistent with the claimed location of use; and (5) persons for whom Plaintiffs seek to establish VTO use in Illinois through affidavit or declaration. The questionnaire will be limited to location-related issues and the factual basis for any location-related affidavit or declaration.

*Second*, Amazon seeks leave to issue Rule 45 subpoenas for focused depositions of a subset of those claimants depending on their responses, together with limited requests for location-related documents reasonably available to the witness. Depositions would be capped at three hours and conducted at a location convenient for the witness or remotely, if preferred.

*Third*, Amazon seeks leave to depose, and obtain targeted, location-related document discovery from, class members for whom Plaintiffs will prove Illinois use by affidavit. This relief is independently warranted. Courts permit limited depositions of absent class members who inject themselves into the litigation by offering declarations. *See e.g., Aldapa v. Fowler Packing Co. Inc.,* 2019 WL 1047492, at *12 (E.D. Cal. Mar. 5, 2019). If Plaintiffs ask the Court to credit an

9

absent class member's affidavit or declaration to establish an essential element of liability, Amazon should be allowed to test the affiant's assertions.

If the Court would prefer more precision, Amazon offers to submit, after completing its production of class data and under seal if necessary, a short supplemental filing identifying the objective subgroup definitions, subgroup counts, and proposed sample sizes. *See Roberts*, 2017 WL 5312116. But the legal question should be resolved now: *Svoboda*, together with *Brennan* and *Clark*, establishes that limited discovery from absent class members is warranted in principle. The details can be calibrated to the Court's preferences.

## V. TO THE EXTENT THE COURT VIEWS AMAZON'S REQUEST AS EXTENDING A CASE DEADLINE, GOOD CAUSE EXISTS.

The deadlines to complete fact discovery regarding Amazon's VTO, set before Amazon's Rule 23(f) appeal, lapsed months ago, *see* ECF No. 381, and will be reset based on forthcoming contingencies. *See* ECF No. 409. No amendment of any extant case deadline is thus sought.

But even if the Court treats this Motion as one to extend an unspecified case deadline, good cause exists. The Panel's decision contains material, new guidance—including that use in Illinois constitutes an individualized, merits issue, and that Amazon must be permitted to test the reliability and credibility of subgroups on that precise issue.

Prior to the Panel's ruling, the District Court "primarily analyzed this location requirement as an issue of class identification and manageability." *Svoboda*, 168 F.4th at 962. However, the Panel explained that "[t]his approach was incomplete," and that the district court "needed to go a step further and assess whether proof of location generates an individualized question of fact that predominates over common questions." *Id.* The Panel ultimately held that proof of location "present[s] an individual question." *Id.*

Hence, after the Panel's decision, this case returns with a clear directive that location is an individualized merits issue, and that Amazon is entitled to test subgroup credibility and particular affidavits or declarations. That is a textbook basis for targeted additional discovery. Courts have allowed additional discovery where subsequent court rulings or other circumstances raise new questions or exigencies necessitating further discovery. *See NeuroGrafix v. Brainlab, Inc.*, No. 12-6075, Order on Pls.' Mot. to Reopen Disc. (N.D. Ill. Dec. 19, 2019), Dkt. No. 181; *NeuroGrafix v. Brainlab, Inc.*, No. 12-6075, 2020 WL 5642946, at *2 (N.D. Ill. Sept. 21, 2020) (reopening discovery for a modest period and allowing additional discovery to "take into account and address" the Court of Appeals' revised claim construction).[1]

Nor will the requested relief disrupt any case deadline. Proceedings were stayed during the Rule 23(f) appeal. The discovery Amazon seeks is limited, phased, and directed to the specific, individualized merits issue the Panel identified and underscored. That is the opposite of dilatory or open-ended discovery. It is a focused effort to implement the appellate court's ruling.

## **CONCLUSION**

For the foregoing reasons, Amazon respectfully requests that the Court allow limited discovery of absent class members—specifically, that Amazon may: (1) serve a short questionnaire on a sample of absent class members in various subgroups, to be identified following production of updated class data and consistent with the Panel's ruling; (2) issue Rule 45 subpoenas for depositions of a subset of those claimants and location-related documents reasonably available to such claimants, with each deposition capped at three hours and conducted remotely unless the witness prefers otherwise; and (3) depose and obtain targeted, location-related document discovery

---

[1] *See also Fair Hous. Ctr. of Metro. Detroit v. Singh Senior Living, LLC*, 124 F.4th 990, 993 (6th Cir. 2025) (where a Supreme Court decision in a different matter altering the standing doctrine was decided after discovery closed, the plaintiffs had no reason to believe, prior to such decision, that certain evidence would be necessary; and remanding for further discovery addressing standing).

from any absent class member whose affidavit or declaration Plaintiffs submit to prove VTO use in Illinois.

Accordingly, Amazon respectfully requests an order holding that the foregoing, limited absent-class discovery is warranted in principle and directing the parties to submit, following Amazon's completion of its production of class data, a proposed protocol addressing subgroup definitions, sample sizes, and scheduling.

Dated: April 20, 2026

Respectfully submitted,

*/s/ Elizabeth B. Herrington*
Elizabeth B. Herrington
Alborz Hassani
Alexander S. Lewis
**MORGAN, LEWIS & BOCKIUS LLP**
110 N. Wacker Drive, Suite 2800
Chicago, IL 60606-1511
(312) 324-1000
beth.herrington@morganlewis.com
al.hassani@morganlewis.com
alexander.lewis@morganlewis.com

Ari M. Selman, *pro hac vice*
**MORGAN, LEWIS & BOCKIUS LLP**
101 Park Avenue
New York, NY 10178-0060
(212) 309-1000
ari.selman@morganlewis.com

Rachel P. Raphael, *pro hac vice*
**MORGAN, LEWIS & BOCKIUS LLP**
1111 Pennsylvania Avenue, NW
Washington, DC 20004-2541
(202) 739-3000
rachel.raphael@morganlewis.com

*Attorneys for Defendants, Amazon.com, Inc.*
*and Amazon.com Services LLC*

## LOCAL RULE 37.2 CERTIFICATION

Pursuant to the Court's incorporation of Local Rule 37.2 into all motions, the undersigned counsel for Defendants Amazon.com, Inc. and Amazon.com Services LLC certifies that, before filing this motion, counsel for Amazon (Ari Selman, Rachel Raphael, Al Hassani, and Alex Lewis) conferred in good faith with counsel for Plaintiffs (Timothy Sostrin and Theodore Kuyper) concerning the relief requested here during a video conference held on April 3, 2026 at 10:15 a.m. Central Time. The parties were unable to resolve the dispute, and Amazon therefore seeks judicial intervention.

*/s/ Elizabeth B. Herrington*
Elizabeth B. Herrington